## H. AND B. BEER v. JUNE THOMAS ET AL.

### No. 1460.

**1. Judgment Binds Only Parties—Parties Only in Capacity as Sued.**

A judgment of foreclosure upon five tracts of land against J. T. and wife, owners of two tracts, and against B. as alleged owner through execution sale of the title of M. T., former owner of the other three tracts, was offered in evidence to show title in the purchaser at the foreclosure sale. As to the three tracts formerly owned by M. T., it was not admissible against M. T.'s widow who was not made a party to the foreclosure suit, nor against his daughter who was made a party to the foreclosure, but was there sued as the wife of J. T., claiming title in the two tracts, and not as the heir of M. T.'s title in the three tracts claimed by him.

**2. Trespass to Try Title—Pleading Title.**

Plaintiff who pleads specially cannot introduce evidence of title not pleaded. Where plaintiffs set forth specially the title under which they claimed the rights formerly held by defendants, a justice's judgment and execution sale of the land not specially pleaded was inadmisible.

**3. Homestead—Foreclosure—Res Judicata.**

Where mortgage lien is foreclosed upon the homestead of defendant and the property sold, the judgment is an adjudication against the homestead rights of defendants in the property in any subsequent proceeding between the same parties. The foreclosure binds homestead rights which the parties might have plead to defeat it.

**4. Same.**

This rule, announced under homestead laws, is not affected by the changes which have made the mortgage against the homestead void.

**5.  Cases Distinguished.**

Rackley v. Fowlkes, 36 S. W. Rep., 75, and Higgins v. Bordages, 88 Texas, 458, distinguished.

**6.  Practice on Appeal—Affirming in Part.**

Following Hamilton v. Prescott, 73 Texas, 565, the Court of Civil Appeals will in a proper case affirm the judgment below in part and in part reverse and render.

APPEAL from District Court of McLennan County.  Tried below before Hon. L. W. GOODRICH.

The opinion states the case.

*J. B. Scarborough* and *Alexander & Atkinson,* for appellant.—1. The decision of a court of competent jurisdiction is conclusive as to the subject matter determined, and all other points which the parties might have litigated and which they might have had decided, and the question of homestead is no exception to this rule.   61 Texas, 541; 13 Texas, 68; 20 Texas, 782; 29 Texas, 275; 27 Texas, 80; 20 Texas, 767; 21 Texas, 439; 24 Texas, 17; 5 Texas, 290; 1 Texas Civ. App., 611; 27 S. W. Rep., 97.

2.  It was not competent for the court to hear testimony to impeach, in a collateral way, a former judgment on the same issue.

3.  A judgment of a court of competent jurisdiction adjudicates all the rights of all the parties thereto in and to the subject matter of the litigation.

4.  As to June and Mary Thomas, plaintiffs have shown prima facie title to all the land, and were entitled to recover, unless superior title was shown in them; and under their disclaimer as to the 14-acre tract, plaintiffs should have had judgment for that tract.

5.  Hannah Tinsley's right to homestead depended upon the fact as to whether she was the wife of Mace Tinsley, and as there was serious conflict in the testimony on this question, it should have been submitted to the jury.

6.  The court erred in refusing special charges asked by plaintiffs, in which the law applicable to the question of res judicata, as arising under the evidence in this case, is stated.

7.  The court erred in permitting the defendants to question the title of plaintiffs, while they held possession as tenants of plaintiffs, the evidence being conclusive that for six years defendants had been tenants under plaintiffs.   26 Texas, 347; 44 Texas, 371; 60 Texas, 291; 61 Texas, 302; 67 Texas, 411; 69 Texas, 44.

8.  On trial plaintiff offered in evidence the judgment, execution and constable's deed from Justice Court, in cause No. 4919, A. Alexander & Co. v. Lee Hawthorn and Mace Tinsley.  Constable's deed to Chas. Beer, conveying the three tracts, 37, 10 and 14 acres.  Deed of date 7th day of December, 1886.  Date of judgment December, 1885.  This evidence was rejected, on objection by defendants that plaintiff had specially pleaded his title, which the plaintiffs insist was error.  The only variation from the ordinary form was the pleading of judgment in

cause No. 4560 as having adjudicated the matters involved in this litigation.

9. The court erred in refusing to grant plaintiffs a new trial on the grounds set out in their motion and supplemental motion therefor, said motions being made a part of the record herein and referred to as part of this assignment.

*Pearre & Boynton*, for appellees.—1. The first, fifth and seventh assignments of error are too general and present in one assignment many different rulings of the court. Rule 26, Court Civ. App., 20 S. W. Rep., 8; Jackson v. Cassidy, 68 Texas, 282; Robinson v. Moore, 1 Texas Civ. App., 93; White v. Wadlington, 78 Texas, 159.

2. The eighth assignment of error relates to excluded evidence, and is not presented by a proper bill of exception, showing what the evidence would have been, or presented to the court in legal time. Said exception is included in the statement of facts, filed after the adjournment of the term. Schawb v. Dallas Brewing Co., 80 Texas, 634.

3. Hannah Tinsley was a party to this suit, and to her answer, as well as to that of the other defendants, these exceptions were directed, and as she was neither a party or privy to the judgment pleaded, she was not bound thereby. Freeman on Judgments, sec. 252; 2 Black on Judgments, sec. 534; Shoemaker v. Collins, 49 Mich., 595.

4. A person is bound by former judgment only in the capacity in which he then litigated. Thomas v. Cragg, 24 Texas, 582; Caruth v. Grigsby, 57 Texas, 259; Downing v. Diaz, 80 Texas, 438; 2 Black on Judgments, sec. 536.

5. A judgment by default is conclusive only of the facts well pleaded. 2 Black on Judgments, sec. 697.

6. Under our present Constitution no deed of trust on the homestead shall ever be valid except for the purchase money thereof, etc.; and until the question of homestead has been actually litigated, it is open. Therefore, a judgment by default in a foreclosure suit wherein the facts as to homestead are not pleaded is not res judicata of that question, and if, in fact, the property was homestead at the date of the execution of the deed of trust, that fact may be set up in defense of a suit brought by the purchaser at the foreclosure sale to establish his title. Constitution, 1876, art. 16, sec. 50; Higgins v. Boardges, 31 S. W. Rep., 52; Waples on Homestead, sec. 557; Asher v. Mitchell, 92 Ill., 480; Moore v. Titman, 33 Ill., 358; Shoemaker v. Collins, 49 Mich., 595.

7. The District Court has no jurisdiction to foreclose a lien on a decedent's estate in a suit brought while administration is pending in the County Court. Constitution, 1876, art. 5, sec. 16.

8. No one was before the court in the former action as an heir or legal representative of Mace Tinsley, deceased; and as no recovery was asked in that suit against any heir of Mace Tinsley as to any of his lands, the judgment, so far as it relates to the Mace Tinsley lands, is not binding on any heir of Mace Tinsley.

9.   The plaintiffs having pleaded specially the judgment in No. 4560 and sale thereunder, as the title whereon they sought to recover each and all of the tracts of land, it was the duty of the court to charge for the defendants as to any land sued for to which the plaintiffs did not show a right to recover under their pleaded title.

10.   The rule that a tenant cannot deny his landlord's title is limited to suits for possession only, and does not apply.in an action of trespass to try title in which the title itself is put in issue.

KEY, ASSOCIATE JUSTICE.—Appellants sued appellees, June and Mary Thomas and Hannah Tinsley, to recover five tracts of land, and for rent alleged to be due for the use of same.   The property is designated as the Thomas land, consisting of a 30½-acre tract and a 15-acre tract; and the Tinsley land, consisting of a 37-acre tract, a 14-acre tract and a 10-acre tract.   December 10, 1878, Charles Beer sold the 30½-acre tract to June Thomas, and as part consideration therefor took two vendor's lien notes, signed by June and Mary Thomas, one for $400 and the other for $434, bearing twelve per cent. interest.

December 9, 1885, June and Mary Thomas and Mace Tinsley (who was Mary's father), executed a note to Charles Beer for $848, secured by trust deed of same date on the Thomas lands, executed by June and Mary Thomas.   Said deed of trust contains this recital:   "Said sum of money being due for the last payment of purchase money due by us to Charles Beer for the tract of land hereinafter described, which we purchased from said Charles Beer;" and then describes and conveys the Thomas lands, as above designated.   On the same day Mace Tinsley and June and Mary Thomas executed to Charles Beer their note for $265, secured by trust deed, executed by Mace Tinsley, on the Tinsley lands.

The two notes were endorsed by Charles Beer to H. and B. Beer, who, after maturity, brought suit thereon in the District Court of McLennan County, against June and Mary Thomas and Charles Beer, in which they alleged the execution of the notes and trust deeds; that same had been endorsed to them; that Mace Tinsley was dead; that prior to his death all his title to the lands had passed out of him by an execution sale at which Charles Beer became the purchaser.   The petition in that suit did not allege that either note sued on was purchase money of the land, nor that Mary Thomas was Mace Tinsley's child, or show that she was sued as his heir, nor did it allege that any of the lands were claimed or occupied by June and Mary Thomas as a homestead.

June and Mary Thomas filed no answer in that suit, and October 7, 1887, a judgment was rendered against June Thomas for the amount due on the notes and foreclosing both trust deeds, as against both June and Mary Thomas.   Thereafter the five tracts of land were sold under an order of sale issued on said judgment and purchased by appellants.

To avoid the effect of said judgment and sale, the defendants in this suit set up in their answers, and offered testimony to prove, that at the

time the aforesaid trust deeds were executed, the Thomas land was the homestead of June and Mary Thomas, and had continued to be ever since; that the Tinsley land was the homestead of Mace and Hannah Tinsley, and had continued to be the homestead of said Hannah since the death of her husband, Mace Tinsley.

As Hannah Tinsley was not a party to the foreclosure suit, and as Mary Thomas was not sued as an heir of Mace Tinsley, and the administrator of the latter's estate was not made a party to that suit, the District Court correctly held that the judgment foreclosing the Tinsley mortgage was not binding, and properly directed a verdict for the defendants as to the 37-acre, the 14-acre and the 10-acre tracts. Thomas v. Cragg, 24 Texas, 582; Caruth v. Grigsby, 57 Texas, 259; Downing v. Diaz, 80 Texas, 438.

As appellants specially pleaded their title, the court did not err in excluding the evidence offered to show that Mace Tinsley's interest in the land had been sold prior to his death, under a judgment rendered by a justice of the peace. Such sale was not included in the title pleaded by appellants.

As to the Thomas lands, the court instructed the jury that if they found that they were the homestead of June and Mary Thomas when they executed the trust deed and when the foreclosure suit was instituted, to find for the Thomases, unless they found that the note secured by the Thomas trust deed was for purchase money owing by them for the land.

This charge, and other rulings in line with it, are made the subject of complaint in this court.

It has frequently been held by our Supreme Court, that title acquired under a foreclosure sale cannot be defeated in another suit by proof that, at the time the mortgage was made or the foreclosure judgment rendered, the land was the homestead of the mortgagor. Lee v. Kingsbury, 13 Texas, 68; Nichols v. Dibrell, 61 Texas, 54, and cases there cited. At the time this rule was first established, a mortgage on the homestead was not absolutely void, and when the homestead right terminated, the mortgage could be enforced; and a deed of trust on the homestead, executed by both husband and wife, conferred authority on the trustee to sell the homestead, regardless of its use as such; while under the present Constitution it is held that such liens are absolutely void, and cannot be enforced after the property ceases to be homestead (Inge v. Cain, 65 Texas, 75); and counsel for appellee contend that, in view of this difference in constitutional provisions and in the rulings as to the validity of contract liens on the homestead, a distinction should be made, when such liens are involved, in the doctrine of res adjudicata.

While there may be some plausibility in this argument, a careful consideration of the subject has led us to the conclusion that it is untenable. In a suit to foreclose a mortgage the plaintiff asserts that the defendant owes him a debt secured by a valid lien on certain property; and he asks that his debt be established, and the property sold at public sale

and the proceeds applied to the payment of the debt. As to the property alleged to be encumbered by the mortgage, the suit is an action in rem, having for its object a valid sale of property, and a defendant duly cited to answer the petition is challenged not only to deny the existence and maturity of the debt, but the validity of the lien also; and if he fails to do so he is thereafter barred by the judgment declaring the property subject to the lien. And this principle of finality of the judgment is in no wise dependent upon the nature of the defense that might have been made in the foreclosure suit, unless it be such as will show that the court had no jurisdiction.

The defendant may have paid the note, or the time of payment may have been extended beyond the time of the trial, or the alleged mortgage may have been a forged instrument. All or either of these matters, if pleaded and proved, might avail to defeat the plaintiff's alleged right to have the defendant's title to the property sold; but failing to plead and prove them, he cannot in subsequent litigation avoid the effect of the judgment by proof of such facts. So also, if the property was homestead when the mortgage was executed, that fact, if interposed, would defeat the mortgagee's attempt to foreclose the mortgage; but we can see no sufficient reason why a failure to make the defense would not render the matter res judicata, whether the mortgage be absolutely void or merely voidable. The judgment involves more than a mere abandonment or waiver of homestead rights. It establishes the plaintiff's lien on the property, and his right to have the latter sold to pay the debt; and this involves an adjudication that no reason—the fact of the property being homestead or other fact—existed to defeat the lien.

This case is distinguishable from Rackley v. Fowlkes, recently decided by this court. In that case the plaintiff presented two issues: (1) his right to recover the land, and (2) his right to rent. The court awarded him the land, but did not adjudicate the issue of rent; and we held that the plaintiff was not precluded from maintaining another action for the rent. The right to recover the land did not depend on the liability or non-liability of the defendant for rent; hence a judgment on the issue of title was not an adjudication of the question of rent.

As before said, in the case at bar, appellant's right to subject the Thomas land to the mortgage and have a valid sale of their title thereto for the purpose of satisfying appellant's debt, was put in issue by their petition; and, according to the rule announced in Lee v. Kingsbury, 13 Texas, 68, and repeatedly reaffirmed in subsequent cases, a judgment establishing that right, unless reversed or vacated, precludes the Thomases from proving any fact that would have been available in the former suit, to defeat the right. See also, Freeman v. McIninch, 87 Texas, 132. Appellees' counsel rely upon the recent decision of our Supreme Court in Higgins v. Bordages, 31 S. W. Rep., 52 and 803; but we do not understand that case to sustain the doctrine in support of which it is cited. It is true the District Court had adjudged a lien upon a homestead, and in a collateral attack the Supreme Court held that judgment

to be void; but that ruling, as shown by the opinion, was based upon the fact that the plaintiff's petition showed on its face that the property was the defendant's homestead, that the alleged debt was only $20, and that, unless the lien existed, the court had no jurisdiction to render any judgment. And, having held that on the facts stated in the plaintiff's petition, no lien existed on the property, the court held that the judgment was absolutely null and void, and subject to collateral attack. But we apprehend that if the petition had shown the amount of the debt to be over $500, thereby conferring jurisdiction on the District Court to try the case, it would not have been held that the judgment foreclosing the lien on the homestead was void and subject to collateral attack. This illustration indicates the distinction between that case and the one at bar.

We therefore hold that, as to the two tracts of land embraced in the mortgage executed by June and Mary Thomas, the former judgment foreclosing the mortgage is conclusive between the parties to it, as to homestead and all other rights. But, as the evidence concerning rent due on said tracts is not such as that we can make satisfactory findings thereon, it will be necessary, as to said two tracts, to reverse and remand the case.

This court has generally followed the rule announced in Wootters v. Kaufman, 67 Texas, 489, that there can be but one final judgment in a case, and therefore held that if there was reversible error, the entire case must be reversed. But in view of the rule announced in Hamilton v. Prescott, 73 Texas, 565, which appears now to be the prevailing rule in the Supreme Court, we shall, in this case, affirm in part, and reverse and remand in part.

Therefore as to the 37-acre, the 14-acre, and the 10-acre tracts of land, being those embraced in the trust deed executed by Mace Tinsley, the judgment of the District Court is affirmed; and in all other respects said judgment is reversed, and the cause remanded.

*Affirmed in part.*

*Reversed and remanded in part.*

Delivered March 25, 1896.

Writ of error refused.