# FOURTH DISTRICT, 1896.

J. F. O'CONNOR ET AL. v. VINCENZO LUCIO.

Delivered November 4, 1896.

**Res Judicata—Homestead Exemption not Pleaded in Time.**

L. purchased K's city homestead, subject to the (claimed) lien of a street improvement certificate, and the holder of the certificate brought suit against L. and K. to foreclose the lien, K. making no defense, and L. failing to plead the homestead character of the property. Held, that L. was not entitled to have the execution of the judgment of foreclosure enjoined on the ground that it was void because of the homestead character of the property, that matter being res judicata because of L's failure to plead it in the foreclosure suit.

APPEAL from Harris.   Tried below before Hon. S. H. BRASHEAR.

*Jones & Garnett*, for appellants.

*F. M. Poland*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on July 1, 1895, by the appellee, Vincenzo Lucio, who was the defendant in cause No. 16,133, mentioned in our conclusions of fact, against appellants to enjoin the sale of certain lots under the order of sale, and to vacate the judgment mentioned in our said conclusions.

After averring specifically the facts found in our conclusions, the appellee charged in his petition, that the opinion of the Court of Civil Appeals in the case of Lufkin v. City of Galveston, holding that street improvement certificates were liens against homesteads, and that the opinion of said court in the case of O'Connor v. Koch, to the same effect, had been overruled by the Supreme Court of this State in the case of Higgins v. Bordages, in which said court held that such certificates were not a tax nor a lien on a homestead.

That on the 11th day of June, 1894, J. F. O'Connor dismissed his suit against Koch and wife and took judgment against plaintiff, appellee herein, foreclosing a lien on said lots, which lien, under the decision of the Supreme Court, did not exist, and that therefore such judgment is void.

That he did not and could not know that H. Koch would not appear and plead that said lots were and had been long prior to the filing of said suit, his homestead; that such failure of Koch to so plead was a surprise to appellee, and was through no fault nor neglect on his part.

General and special exceptions were interposed by appellants to the petition which were overruled.   On final hearing the injunction was perpetuated.

*Conclusions of Fact.*—1.   On the 30th day of May, 1893, and for more than ten years prior thereto, lots 1, 2, and 3 in block 35 of Hopson's addition to the City of Houston, was the homestead of Henry Koch and wife, upon which they resided during all that time, having no other homestead, and the lots and improvements thereon were not worth as much as five hundred dollars.

2.   On the 30th day of May, 1893, Henry Koch and wife conveyed said lots to appellee, Vincenzo Lucio.

3.   On the 10th day of January, 1894, J. F. O'Connor brought suit in the District Court for Harris County, Texas, against Henry Koch and Vincenzo Lucio to recover judgment for $568.24, besides interest, alleged to be due on an improvement certificate issued March 3, 1891, by the city of Houston to said O'Connor for street paving on San Felipe street, in said city, done under a resolution of the city council of said city, adopted and passed September 23, 1889, in accordance with section 23, et seq., of the charter of said city.   This suit so brought on January 10, 1894, was numbered 16,133, and the plaintiff therein, in addition to praying for judgment against the defendants for the amount due on said certificate, also prayed for a foreclosure of the lien alleged in plaintiff's petition, therein claimed to be a valid and subsisting one on lots 1, 2 and 3, in block 35, of Hopson's addition to said city, to secure the payment of the amount due on said certificate, and for an order directing the sale of said lots as under execution to satisfy the amount owing on said certificate.

4.   The plaintiff's petition in said cause 16,133, alleged particularly the full compliance by the city council and city authorities, and the plaintiff, with all the prerequisites to the issuance of said certificate, as required by the charter of said city, and that the certificate was in all respects valid and legal, and a valid and subsisting lien upon said lots, and that the certificate was due and unpaid.   The petition in said cause 16,133, further alleged that when said resolution of September 23, 1889, was passed, and when said certificate was issued, said lots belonged to the defendant Henry Koch; but that since that time he had sold and conveyed said lots to the defendant Vincenzo Lucio, who now owned said lots subject and subordinate to plaintiff's said lien to secure said certificate.

5.   The petition in said cause 16,133 further alleged that said Henry Koch was insolvent, and that he had abandoned the State of Texas and was a non-resident of this State.   The defendant Vincenzo Lucio was alleged to be a citizen and resident of Harris County.   No service of citation was had on Henry Koch.   The defendant Vincenzo Lucio was duly served with citation in said cause 16,133, and afterwards filed an answer therein in which he pleaded a general demurrer and denial; and also that he was an innocent purchaser of said three lots for value, without notice of the lien set up by the plaintiff, O'Connor; and said Lucio also pleaded the statute of limitation of two years.

6.   Afterwards, on the 11th day of June, 1894, said cause 16,133

came on for trial in the District Court, and the plaintiff O'Connor, and the defendant Lucio appeared and announced ready for trial, the suit as to the defendant Henry Koch being dismissed, he never having been served with citation and having at that time no interest in said property.

7.    Thereupon the trial proceeded between the plaintiff O'Connor and the defendant Vincenzo Lucio; and the court having heard the pleadings, evidence and argument of counsel, took the cause under advisement until the 22nd day of June, 1894, on which day the court rendered final judgment in said cause No. 16,133 against the defendant Vincenzo Lucio, for $614.28 due on said certificate, together with eight per cent per annum interest thereon from June 22, 1894, and all costs of suit, and foreclosed said lien and ordered the sale of said property as under execution for the satisfaction of said judgment, and directed an order of sale to issue in accordance with law.

8.    Afterwards, on the 28th day of February, 1895, this judgment was affirmed by the Court of Civil Appeals, at Galveston, and a writ of error was refused by the Supreme Court; and afterwards, on April 17, 1895, a mandate from the Court of Civil Appeals on said affirmance was filed in the District Court for Harris County.

9.    Afterwards, in May, 1895, an order of sale in due form was issued from said District Court on said judgment and foreclosure in cause No. 16,133, commanding the sale of said three lots as under execution, and the application of the proceeds to the satisfaction of said judgment.

*Conclusions of Law.*—The assignments of error complain of the court's overruling the exceptions to plaintiff's petition, and in rendering judgment perpetuating the injunction.

We have no doubt that those assignments are well taken.   The judgment in cause No. 16,133 is conclusive of the whole matter.   It was between the same parties at interest, in regard to the same subject matter, and by a court having jurisdiction of the parties and the matter in controversy.   It was Vincenzo Lucio's duty, if he relied upon a fact which would show no lien could exist upon the lots for street improvements to set it up in bar of the action.   He held and was charged in the petition with holding the property under a deed from Koch and wife; he knew that Koch and wife had no interest in the property; that they had not been cited in the case, and had no reason to expect that they would make a defense for him, that he should have made for himself.   To permit him now to go behind a judgment, affirmed by courts of last resort and set up a matter which he should have plead as a defense in the case wherein it was rendered, would be to abrogate the principles of res judicata.   Chilson v. Reevis, 29 Texas, 281; Lee v. Kingsbury, 13 Texas, 68; Brown v. Renfro, 62 Texas, 602.

The judgment of the District Court is reversed, and judgment is here

rendered in favor of appellants dissolving the injunction, and for all costs incurred in the court below as well as in this court.

Writ of error refused.                    *Reversed and rendered.*