KNOX et al. v. HORNE et al. (No. 779.)

(Court of Civil Appeals of Texas. El Paso. Jan. 10, 1918. Rehearing Denied Jan. 31, 1918.)

1. ATTACHMENT ☞350—ACTION ON BOND—SUFFICIENCY OF EVIDENCE.
In action on attachment bond, testimony of deputy sheriff, who filled out the bond as it appeared at the trial, etc., held to require a verdict against the sureties, who contended that the bond read for a smaller amount when their signatures were obtained.

2. JUDGMENT ☞373—SETTING ASIDE—"ALTERATION"—"SPOLIATION."
Judgment on an attachment bond will be set aside because of an alteration in the bond by a party to the original action only, since a change made by one not a party is a spoliation, and not an alteration, of the bond.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alteration; Spoliation.]

3. JUDGMENT ☞377—SETTING ASIDE—FAILURE TO DEFEND.
In action by sureties to set aside a judgment on an attachment bond, their failure to know of an alleged alteration in the bond until after the term of court had expired held not a sufficient excuse for failing to set up such a defense in the original action.

4. NEW TRIAL ☞166(3) — EXPIRATION OF TERM OF COURT—WHEN GRANTED.
One can obtain a new trial by an original proceeding after the term of court has expired, only by affirmatively showing diligence to prevent the judgment, or that defense in the original action was prevented solely by fraud, accident, or the opposing party's acts.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Suit by J. F. Knox and others against A. J. Horne and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Brown & Wilchar and Jones, Jones, Hardie & Grambling, all of El Paso, for appellants. J. A. Buckler, T. A. Falvey, and Leigh Clark, all of El Paso, for appellees.

HARPER, C. J. On the 23d day of November, 1915, D. V. Horne, joined by her husband, A. J. Horne, sued J. H. Gray for debt amounting to $1,350 and interest, and on the same day had an attachment issued, and levied on a stock of goods belonging to Gray on the 26th day of the said month, and on the same day Gray gave a replevin bond and retained the possession of the goods, with the plaintiffs J. F. Knox and J. Mann as his sureties thereon, and which bond was approved by the sheriff and returned along with the writ of attachment and filed in the office of the clerk of the district court; the return of the sheriff showing that the goods had been replevied by Gray by the execution of a bond in the sum of $3,000. On the 25th day of September, 1916, the case was tried, and a judgment

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rendered against Gray and the said sureties on the replevin bond for the amount sued for and interest, amounting to $1,485. On the 30th day of October, 1916, Gray and the sureties filed an amended motion for a new trial in that case, which was heard and overruled on the 3d day of November, 1916, and the court adjourned for the term on the next day, November 4th. From this judgment and order overruling the motion for new trial no appeal was ever had.

On the 23d day of November, 1916, the plaintiffs brought this suit, seeking to enjoin the collection of the said judgment, on the ground that after the replevin bond was signed by them it was changed without their consent from a $500 and a $1,000 bond to one for $1,500 and $3,000. The case was then tried and a verdict rendered by the jury under a peremptory charge in favor of the defendants in that suit, and a judgment accordingly. From that judgment this appeal was prosecuted.

The assignment is that the court erred in giving peremptory charge for defendants. The propositions are: (1) Judgments may be set aside upon bill of review filed for that purpose after adjournment of the term of court. (2) Sureties stand upon their obligation as written, and if the writing has been changed without their knowledge and consent, they are released. (3) Whether or not the bond had been changed after it had been signed was a question of fact and there being evidence to sustain a finding either way the question should have been submitted to the jury. (4) Not being negligent in failing to make the defense in the original suit, they are entitled to have it determined in this one.

[1] Tersely stated, the facts show that the bond was made out by the attorney for plaintiff in the case of Horne et al. v. Gray, assisted by the deputy sheriff, exactly in form and substance as it appeared upon the trial of this cause. It was then delivered to defendant Gray for execution and to secure sureties. The appellants testify that when they signed it the principal sums written in it was $500 and $1,000, and not for $3,000, as now appears. There is no denial of their signatures, nor is there any allegation or evidence as to who, if any person, made any change in it. It therefore is apparent that, if there was a change, there were two changes, one after it was taken by Gray and before it was submitted to appellants for their signatures, and then another after their signatures and before it was returned to the sheriff for approval. The deputy sheriff that filled out part of the bond testified that the writing and figures were his just as had been written in the original instance. So under the facts no other verdict than that which was rendered should have been rendered.

[2] Again, there being no allegation that the bond was changed by any person inter-

ested in the suit, which was necessary in order to maintain this action, this petition alleges no cause of action for any change made in the bond by another than those interested in the bond is a spoliation and not an alteration. Rushing v. Bank, 160 S. W. 340. Besides, it seems that, since the sureties have made Gray, their principal, their agent to deliver the bond to the proper authority for approval, they should not be permitted to take advantage of any fraudulent change made before delivery.

[3, 4] But, whether we are correct in the above holding or not, they now offer a defense to the original cause of action which they did not set up at the proper time, and have not shown a sufficient reason for their failure in this respect. They were in court by virtue of their signatures to the bond, and entitled to no other service or notice in the case, but were bound to take notice of all proceedings looking to a forfeiture of the bond, and it is not a sufficient excuse for not setting up their defense in that cause that they did not know of the alteration as to the increased amount until after the term of court had expired. Whilst they have alleged the later to be the excuse for not setting up the defense, they admit that they knew of the amount of the judgment before the term of court expired, and filed a motion for a new trial, but did not in such motion set up any fraudulent alteration in the bond as a ground for another trial. In order for parties to suits to obtain a new trial by an original proceeding after the term of court has expired, they must affirmatively plead and prove diligence to prevent the judgment, or that they were prevented from making a defense to the former action by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own, neither of which appears in this case. Clegg v. Darragh, 63 Tex. 357.

Finding no error, the assignment is overruled, and cause affirmed.

WALTHALL, J., did not sit, being absent on committee of Judges assisting the Supreme Court.