EUREKA PAVING CO. et al. v. BARNETT et al. (No. 471.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 28, 1919. Rehearing Denied Dec. 10, 1919.)

1. JUDGMENT ⬤⇒437 — EQUITABLE RELIEF AGAINST DEFAULT JUDGMENT; EXCUSE FOR FAILURE TO APPEAR OR ANSWER IN FORMER SUIT.

In suit to enjoin enforcement of default judgment foreclosing improvement certificate against plaintiff's property, the petition alleging that she employed a named attorney to file an answer and take such steps as were necessary to her proper defense, and that she assumed he had answered, and that she was not apprised of the rendition of judgment against her until about 30 days before the instant suit was filed, was insufficient as a legal reason or excuse for failing to appear or answer.

2. JUDGMENT ⬤⇒429 — JUDGMENT FORECLOSING IMPROVEMENT CERTIFICATE ON HOMESTEAD CANNOT BE ATTACKED BY INJUNCTION TO PREVENT ITS ENFORCEMENT.

Where petition, in suit to foreclose improvement certificate, did not allege that the property upon which the lien was claimed was the homestead of the owner at any time, but simply that plaintiff had been so informed by the owner, and alleged, in the alternative, that if the property had ever constituted a homestead it was nevertheless subject to the claimed lien because far exceeding in value the constitutional exemption for homestead purposes, and the amount in controversy was within the court's jurisdiction, and defendant owner, being cited, failed to set up her claim of homestead exemption, judgment of foreclosure in such suit was res judicata of the claim of homestead exemption under Const. art. 16, §§ 50, 51, attempted to be set up in a later suit by the owner to enjoin enforcement of the foreclosure judgment by sale.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Suit by Mrs. Bessie B. Barnett and another against the Eureka Paving Company and others. From judgment for plaintiff, defendants appeal. Reversed and remanded, with instructions.

W. W. Moore and J. Y. Powell, both of Houston, and W. J. Howard, of Floydada, for appellants.

Elbert Roberts and Homer E. Stephenson, both of Houston, for appellees.

HIGHTOWER, C. J. On the 30th day of April, 1917, the city of Houston, acting for the use and benefit of Eureka Paving Company, as said city was authorized to do under its charter, filed a suit in the district court of Harris county, Tex. (Sixty-First district) against Mrs. Bessie B. Barnett, individually, and also against her as independent executrix of the estate of W. W. Barnett, her deceased husband. The number of said suit on the docket of said court was 72518. The object of the suit was to recover judgment on a certain improvement certificate issued by the city of Houston to the Eureka Paving Company, evidencing the pro rata share of the cost of improving Walker avenue in said city, which cost was levied and assessed against W. W. Barnett and also against his property abutting on said avenue, and it was sought to foreclose a lien there asserted against said property for the payment of said certificate. The plaintiff's petition in that cause alleged the death of W. W. Barnett, and that the said Bessie B. Barnett had become the owner of the property against which the foreclosure was sought; alleged further that the improvement certificate sued on was duly and legally executed, setting out the terms thereof, and the authority under which same was issued, and then further alleged that said certificate was secured in its payment "by a first and paramount lien against said property," and, after setting out the procedure had with reference to the creation of said lien, contained the further allegation:

"The said assessment and charge of personal liability herein sued on are valid and enforceable under and by virtue of said laws and the terms of said charter, and of said proceedings."

The petition in said cause further alleged, in substance, that the plaintiff therein had been informed by the defendant therein that the property upon which the lien was sought to be foreclosed constituted at the time of such assessment, and thereafter continued to constitute, the homestead of the defendant and her deceased husband, W. W. Barnett. The petition in said cause further alleged, however, in the alternative, that if said property then or at the time of said assessment constituted the homestead of Bessie B.

216 SOUTHWESTERN REPORTER

Barnett and her deceased husband, then at the time of its designation as such it was reasonably worth $30,000 more than the value of property which at such time could be legally acquired as a homestead so as to be exempt from forced sale. Said petition in said cause further alleged default in payment of said certificate, the provision and necessity for attorney's fees, the damages arising, etc., and prayed for judgment against Mrs. Bessie B. Barnett, both individually and in her capacity as independent executrix of the estate of W. W. Barnett, deceased, for said debt as evidence by said certificate, and also for foreclosure of the lien which plaintiff in that cause was asserting against the property involved, for order of sale of same, and for general and special relief. The property there involved and against which the lien was claimed and foreclosure sought was the same property which is now involved in this suit, to wit, lot No. 5 and 50 by 75 feet of lot No. 11 in block No. 142 on the south side of Buffalo bayou in the city of Houston, fronting together 151 feet on the south side of Walker avenue.

Citation was duly issued and served upon Mrs. Bessie B. Barnett, both in her individual and representative capacity, as before stated, and was made returnable to the June, 1917, term of said court, and on appearance day of said term, to wit, June 19, 1917, said defendant, Mrs. Barnett, having defaulted, after hearing the evidence offered by the plaintiff in said cause, judgment was rendered that the plaintiff therein, the city of Houston, recover for the use and benefit of the Eureka Paving Company and against Bessie B. Barnett, both individually and as independent executrix of the estate of W. W. Barnett, deceased, the sum of $701.45, with 7 per cent. interest thereon from date of the judgment until paid, also $50 collection fee, and all costs of suit; and, further, that said assessment lien be foreclosed on said property, and that the property be sold under order of sale in satisfaction of said sums of money. The judgment further stated, as express findings of fact, that plaintiff's demand was liquidated, and that its payment was secured by a valid lien against the property involved, as declared and asserted by the plaintiff in said cause, and that such lien was superior to all other liens, claims, and interests, except for lawful ad valorem taxes, and that the lien was fixed on and against said property, and foreclosed by said judgment. The judgment in that cause further recites, as a finding by the court, that said property, at the time it was acquired by the defendant, Bessie B. Barnett, and her deceased husband, and ever since such time, was reasonably worth, exclusive of improvements, a sum exceeding $5,000 by more than the amount of the plaintiff's claim in said cause. The amount of the assessment levied

against the Barnett property as the pro rata cost of improvement was $601.16, and this amount, together with the accrued interest, attorney's fees, etc., was the amount of indebtedness in controversy claimed by the plaintiff in said cause No. 72518.

The judgment rendered in favor of the city of Houston, for the use and benefit of Eureka Paving Company, against Mrs. Barnett, as above explained, and foreclosing the lien asserted by the plaintiff in that cause against the property there and here involved, was never appealed from, but became final in the trial court, and was in no manner attacked or sought to be set aside until the present suit was filed at a subsequent term of that court.

Now, this suit was fined by Mrs. Bessie B. Barnett in her individual capacity, and also in her capacity as independent executrix of the estate of her deceased husband, W. W. Barnett, against the said Eureka Paving Company and the said city of Houston, and also against M. F. Hammond, in his capacity as sheriff of Harris county, with a view on the part of the plaintiff of restraining the sale of said lot No. 5 and part of said lot No. 11, being the very same property that was involved in said prior suit between the parties, which sale she alleged was about to be made by said sheriff under an order of sale issued out of said district court of Harris county on said judgment in favor of said city of Houston, for the use and benefit of said Eureka Paving Company. As a reason for asking that such sale be enjoined, the plaintiff in this suit alleged, substantially, that the property involved at the date of the rendition of the prior judgment and at all times prior thereto, and especially at the date of the assessment made against it by the city of Houston, and since that time, constituted the homestead of herself and deceased husband, and still constitutes her homestead, and that no valid lien, therefore, was ever fixed against said property, as was attempted to be done by the levy made against it and the issuance of the improvement certificate by the city of Houston, and that no valid lien could be fixed against said property, as was sought to be done by said city, the same being exempt from any such attempted lien or charge by the Constitution of this state. The appellants in this cause, city of Houston and Eureka Paving Company, filed a joint answer to the appellee's petition, which, among other things, contained a special exception, raising the point that the question or issue which appellee in this case was seeking to have now adjudicated was res adjudicata, and that such fact appeared from the face of appellee's petition in this cause, when read in connection with the exhibits thereto attached and made a part thereof, said exhibits consisting of a copy of the plaintiff's petition in

said prior cause, and a copy of the judgment of the court pronounced and entered in said prior cause. There was another special exception interposed by appellants in this cause, to the effect that no valid reason was alleged by appellee in this cause for her failure to answer and make defense, if any she had, to appellant's demand in said prior cause. Appellants further answered by general denial, and then specially pleaded the judgment between the parties in the prior cause, as hereinbefore mentioned, in bar of appellee's recovery in this cause, upon the ground that such judgment constituted res adjudicata of the questions and issues now sought to be adjudicated.

We shall not go into detail as to the results on the trial below, but suffice it to say that the trial court granted the injunction prayed for by appellee, restrained the sheriff from selling the property in controversy on the ground that no valid lien ever existed upon the same, as claimed by the city of Houston and Eureka Paving Company in the prior suit, for the reason that said property was the homestead of W. W. Barnett and wife at the time such lien was sought to be fixed, and was the homestead of Mrs. Barnett at the time the judgment in said cause was rendered, and that, therefore, under the Constitution of this state, such attempted lien was void, and the judgment in the prior cause, attempting to give it validity, was void. The judgment went further and canceled the prior judgment and canceled the improvement certificate as constituting a cloud upon appellee's title, etc.

Upon inspection of appellee's petition for the injunction in this case, we find attached thereto as Exhibit A a copy of the petition filed by the city of Houston as plaintiff in said prior cause, and we quote portions of said petition, as follows:

"On the 12th day of September, 1914, there was levied and assessed a special assessment amounting to $601.16 against certain property in block 142 SSBB, fronting 151 feet on the south side of said street, more specifically described hereinafter, and against the owners of said property."

"That said assessment was levied by virtue of said ordinance, and previous ordinances, resolutions, and proceedings of the city council of the city of Houston, providing for the payment by W. W. Barnett, then husband of defendant, of his pro rata of the cost of improving Walker avenue under a contract between the city of Houston and the Eureka Paving Company of date the 17th day of August, 1914, for the improvement of said section of said street, and that by said proceedings said special assessment, with cost of collection and reasonable attorneys' fees if incurred, is declared a first and paramount lien against the said property and a personal charge against said defendant Mrs. Bessie B. Barnett in her individual capacity and as executrix of the estate of W. W. Barnett, deceased, payable to the Eureka Pav-

ing Company or its assigns in said installments with interest thereon at 7 per cent. per annum."

"That the said improvements have been completed and accepted by the said city, and that all the requisities to the fixing of the lien and the claim of personal liability evidenced by said certificate have been performed."

"(5) That the said ordinance was regularly passed and enacted and the said assessment levied by the city of Houston on the 12th day of September, A. D. 1914; that under and by virtue of the said ordinance the said assessment is payable as hereinafter set out in the said certificate; that the said certificate is in all respects valid and enforceable and in conformity with law, and that the recitals therein are true in every particular; that each and every step required or provided by law, or by the charter of the city of Houston, as a prerequisite to the making of said improvements or the fixing of said assessment and lien of said personal liability, have been done and performed in accordance with the said law and the terms of said charter, and that the said assessment and charge of personal liability herein sued on are valid and enforceable under and by virtue of the said laws and the terms of the said charter, and of the said proceedings."

Said Exhibit A, as shown by paragraph 12 thereof, further contained this alternative allegation:

"(12) The plaintiff has been informed by the defendant herein that the above-described land and premises constitute, and constituted at the time the aforesaid assessment was levied and certificate issued, the homestead of defendant and her deceased husband, W. W. Barnett; and plaintiff further alleges that in such event the said premises at the time of dedication as such homestead were reasonably worth in the sum of $30,000 more than the value of property which defendant and her deceased husband at such time could legally acquire as homestead."

Exhibit B, attached to appellee's petition in this suit, purports to be a copy of the judgment rendered by the court in said prior suit, and, among other things, contains the following:

"This day came on to be heard the above styled and numbered cause, wherein the city of Houston, Harris county, Tex., is plaintiff, for the use and benefit of the Eureka Paving Company, a corporation, and Bessie B. Barnett is defendant, both individually and in the capacity of independent executrix of the estate of W. W. Barnett, deceased, and the plaintiff appeared by attorney and announced ready for trial, but defendant, though having been duly and legally cited in the manner and for the time provided by law, by personal services within Harris county, Tex., both individually and in her representative capacity, came not, but wholly made default."

"That said certificate is now past due and unpaid, and there is now due on same the sum of $701.45, aggregate of principal and interest. That plaintiff has incurred attorney's fees and court costs in the collection of said certificate,

and that the reasonable amount of said attorney's fees is $50, that payment of the above sums of money due on said certificate is secured by a valid and subsisting lien, superior to all other liens, claims, and interest, except for lawful ad valorem taxes, which lien was created by a valid ordinance of said city of Houston passed on the 12th day of September, A. D. 1914, and fixed on and against the following described land and premises, to wit: (Here follows description of the land in controversy in the present suit.)

"That defendant is the present owner of the above-described land and premises, and at the time same were acquired by defendant and her deceased husband, and ever since such time, same were and have been reasonably worth, exclusive of improvements, a sum exceeding $5,000 by more than the amount of plaintiff's claim herein."

"It is further ordered, adjudged, and decreed by the court that the aforesaid lien as it existed on the 1st day of February, 1915, be and the same is hereby foreclosed against all defendants, and that the clerk do issue an order of sale," etc.

In this case appellee Mrs. Barnett made no contention touching the validity or regularity of any of the proceedings on the part of the city of Houston with a view to assessing the pro rata cost of paving against the property in question, but her sole contention is that the improvement certificate, declaring a lien against said property for such cost, was an absolute nullity, for the reason that no lien could be fixed for such purpose against the property in question, because prohibited by the Constitution of this state, and she further contends that the court's judgment in the prior cause was a nullity for the reason that the court was without power or jurisdiction to declare a lien against her homestead property for the pro rata cost of the street paving in front of said property.

[1] Let it be conceded, at the outset, for the sake of argument, that no valid lien could be created by the city of Houston against the property in question for the cost of improving the street upon which said property abuts, for the reason that such property was a homestead, as claimed by Mrs. Barnett, yet it does not follow that the judgment of the district court of Harris county in the prior suit, which determined that the plaintiffs in that case had a valid lien against said property for such improvements and foreclosed said lien against said property, was a nullity, but we think, on the contrary, that such judgment was a valid and binding one until set aside by some appropriate proceeding timely instituted for that purpose. We have no doubt that the district court of Harris county had jurisdiction of the parties and subject-matter involved in said prior suit, in which the plaintiff the city of Houston, for the benefit and use of the Eureka Paving Company, expressly alleged that it had a valid and subsisting lien against said property to secure the payment of said improvement certificate, and prayed that the court so adjudge and order such lien foreclosed. Now, while it is true that plaintiff in that cause alleged that it had been informed by the defendant that such property constituted the homestead of herself and husband, still the allegation of the plaintiff that it had been so informed by the defendant did not amount to an allegation of fact that said property was the homestead of Barnett and wife at any time, but the allegation was only to the effect that the plaintiff in said cause had been so informed; plaintiff in that suit neither affirmed nor denied that such information was true, but, in the alternative, alleged that if such property ever constituted the homestead of the Barnetts, nevertheless, at the time it was so designated, it exceeded in value more than $30,000, which was greatly in excess of the constitutional exemption of property for homestead purposes, and prayed that the lien claimed in that cause against said property be foreclosed, and the property ordered sold to pay the judgment recovered. Mrs. Barnett, defendant in that suit, admits in her petition in this suit that she was duly served with citation in that cause, but that she did not appear or answer, and offers as her only excuse for so failing this allegation in her petition:

"That she [plaintiff here and defendant in cause No. 72518 in the Sixty-First district court] employed one Jim H. Reeves, an attorney at law, practicing at the bar of Harris county, Tex., to file an answer in said cause and to protect her rights in said property as her homestead, and to take such other steps as were necessary to her proper defense in said cause; that she assumed that said Reeves had answered."

Then she further alleged that she had not been apprised of the rendition of the judgment against her in said cause until about 30 days before this suit was filed. Now appellants excepted to this allegation on the part of appellee, on the ground that the same showed no legal reason or excuse for her failing to appear or answer in said prior cause, and this special exception was overruled by the trial court. It should have been sustained. Woolley v. Sullivan, 92 Tex. 28, 45 S. W. 377, 46 S. W. 629; Knox v. Horne, 200 S. W. 259; Stringer v. Robertson, 140 S. W. 502; Keller v. Keller, 141 S. W. 581.

[2] Since it is clear that the district court of Harris county in the prior suit above mentioned had jurisdiction, both of the subject-matter and of the parties, when it rendered its judgment in that cause, it must be held that such judgment was valid and binding between the parties, unless the same was set aside by some proper proceeding timely in-

stituted for that purpose, and since the very issue, in so far as the property involved is concerned, was the same in both suits, that is, whether a lien existed in favor of the city of Houston, as claimed, to secure the payment of the improvement certificate, and since it was expressly decided in the prior suit that such lien did exist, and ought to be foreclosed, and was expressly foreclosed by the judgment in the prior suit, that judgment, under the facts in this case, must be held to be a bar, on the principles of res adjudicata, to the determination of the same issue now sought to be had by the appellee in this suit. We have no doubt of the correctness of our conclusion on this point. O'Connor v. Lucio, 14 Tex. Civ. App. 682, 39 S. W. 139; Beer v. Thomas, 13 Tex. Civ. App. 30, 34 S. W. 1010; Nichols v. Dibrell, 61 Tex. 539, and authorities there cited. Many other authorities more or less in point might be cited, but we think that the above will suffice.

Appellee's counsel, in support of their counter proposition to the effect that the district court of Harris county was without power and jurisdiction to render a judgment foreclosing a lien on a homestead for street improvements, because inhibited by article 16, sections 50 and 51 of the Constitution of this state, cite also the case of Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770. It was said by the Supreme Court of this state in the Higgins-Bordages Case that the district court in that case was without power to declare a lien on the property there sought to be charged with street improvements, for the reason that the Constitution inhibited any such judgment. Upon a careful reading of that case, however, it will readily appear that the plaintiff's petition in that case (the city of Beaumont was plaintiff) expressly alleged that the property was owned and occupied by the old negroes Higgins and wife at the time the assessment levied against it was made, as well as at the time the judgment of fore-closure was sought, and for that reason the Supreme Court said, substantially, that it appeared upon the very face of plaintiff's petition that there could be no lien against the property, as sought by the city, because the Constitution of this state so declared, and since the court in that case had no jurisdiction of the amount involved and sought to be recovered, to wit, the sum of $20, that the court was entirely without jurisdiction and power to declare the lien as it did, and order the property sold to pay the money judgment. But in this case, we have a different situation. In the prior suit, between the parties, the plaintiff's petition did not allege that the property upon which the lien was claimed constituted the homestead of the Barnetts at any time, but, as before shown, simply alleged that plaintiff had been so informed by the defendant Mrs. Barnett, and then alleged, in the alternative, in substance, that if such property ever constituted the homestead of said parties, nevertheless it was subject to the lien claimed by the city, for the reason that it far exceeded in value the constitutional exemption. And, besides, the amount in controversy in that suit, being $601.16, principal, besides interest and attorney's fees, as shown by the plaintiff's petition, unquestionably gave the court jurisdiction over the cause, and, having once taken jurisdiction, and a valid lien being asserted and claimed by the plaintiff against the property, and the defendant Mrs. Barnett, although duly cited, having failed to set up her claim to homestead exemption, if any existed, she must be held in this proceeding to be barred by that judgment upon the principles of res judicata.

The trial court erred in refusing to sustain the special exceptions interposed by appellant raising the issue of res judicata, and because of such error the judgment of the trial court is reversed, and the cause remanded, with instructions to the trial court to sustain the exception, and dismiss appellee's suit; and it will be so ordered.