## BERGERON et al. v. SECURITY NAT. BANK. (No. 8787.)

(Court of Civil Appeals of Texas. Dallas. May 19, 1923. Rehearing Denied June 23, 1923.)

Judgment ⬉460(6)—Petition for bill of review of foreclosure judgment held insufficiently specific.

Where a widow, after filing a disclaimer of any interest in land, covered by a deed of trust executed by herself and husband, two years later filed a petition for a bill of review, seeking to have the judgment of foreclosure set aside and a foreclosure sale thereunder nullified, alleging that the deed of trust was void, because its nature had not been explained to her by the notary, and that through excusable ignorance she was unaware of any distinction between her separate property and the community property, *held*, that the petition was insufficient in that it lacked specific recitals of facts necessary to clearly show a good defense to the original suit, which petitioner was precluded from making by fraud, accident, or improper acts of the adverse party.

Appeal from District Court, Dallas County; J. E. Gilbert, Judge.

Action by Bonnie L. Bergeron and another against the Security National Bank. Judgment for defendant, and plaintiffs appeal. Affirmed.

M. L. Littleton and Parks & Hall, all of Dallas, for appellants.

Leake & Henry, of Dallas, for appellee.

HAMILTON, J. On January 20, 1913, J. M. Reilly and wife, Bonnie L. Reilly, jointly executed a deed of trust upon real estate in the city of Dallas to secure the payment of loans thereafter to be made by R. P. Wofford to J. M. Reilly. Subsequent to the execution of the deed of trust Reilly executed and delivered to Wofford a promissory note dated January 1, 1914, in the sum of $5,500. Thereafter the note was bought by the Security

---

National Bank. J. M. Reilly having died, suit was instituted by the bank against Mrs Reilly, the heirs of J. M. Reilly, who were alleged to be unknown, and the trustee in the deed of trust. It was alleged in the petition that Reilly died intestate, and that there was no necessity for administration upon his estate. An attorney having been appointed to represent Reilly's heirs, alleged, as above stated, to be unknown, Mrs. Bonnie L. Reilly, having employed a competent attorney, filed a disclaimer, disclaiming any right, title, or interest in the land mentioned in the deed of trust, foreclosure of which the plaintiff sought in the suit predicated upon the $5,500 note above mentioned.

The case was tried before the court without a jury, and judgment was entered for the amount sued for and for foreclosure of the deed of trust. Order of sale was issued by the clerk of the court, and sale of the property was duly made thereunder by the sheriff of Dallas county. Some two years after the expiration of the term of court at which the foreclosure judgment was obtained under the circumstances above recited, appellant, joined by her husband, A. W. Bergeron, with whom she had intermarried after the suit, filed a bill of review, seeking to have the judgment reviewed and set aside and the foreclosure sale nullified.

The court sustained a general demurrer to the allegations of the bill of review, and, being of the opinion that this action was correct, we find it unnecessary to consider any of the numerous propositions urged by appellants, other than that by which it is asserted that the court committed fundamental error in sustaining the general demurrer.

The petition is voluminous and contains numerous allegations designed to charge that the deed of trust was void because appellant did not have the nature of the instrument explained to her by the notary public, whose certificate is in compliance with the provisions of law governing the taking of acknowledgments of married women; that through excusable ignorance, appellant was unaware of any distinction between her rights in her separate property and her community property, and did not advise her attorney that the property was her separate property before her disclaimer was filed or prior to the entry of the judgment against her, so that he could advise her as to the law in the light of such fact; that through accident, mistake, or fraud practiced upon her, she misled and deceived her attorney, a learned and distinguished lawyer; she first having been misled and deceived by the plaintiff in the foreclosure suit and its attorney. Succinctly stated, the allegations amounted to the following additional declarations: (1) That the note upon which the foreclosure of the deed of trust was obtained in the original suit was not an obligation such as was intended to be secured by the deed of trust. (2) That the note had been discharged by the use of other collateral in a settlement with Reilly. (3) Usury was charged. (4) It was alleged in effect that the deed of trust on the property claimed to be appellant's separate property had been released on account of an extension of a note secured by the note in connection with which the deed of trust existed.

The allegations as a whole may be said to fail to meet the requirements of those by which a bill of review must be characterized. The allegations are lacking in specific recitals of facts necessary to be alleged as clearly showing that a good defense to the original suit existed which appellant was prevented from making by fraud, accident, or improper acts of appellee, unattended by any fault or negligence on the part of appellant.

All of the pleadings necessarily were available to appellant's attorney long before the judgment was entered, as is disclosed by the allegations in the bill of review. He was a capable lawyer; this appellant alleges. It is fairly inferable from the petition that she possessed complete knowledge of the facts with reference to whether or not the property was her separate property, and complete knowledge as to the manner in which her acknowledgment to the deed of trust was taken by the notary public, when she conferred with her attorney. No facts are alleged showing any fraud or deceit to have been practiced upon her by appellee in connection with the litigation. All of the allegations of fraud, accident, mistake, and similar excuses appear to be only conclusions. They, therefore, do not meet the requirements with reference to fullness and clearness in alleging specific facts to justify a court of equity, long after final disposition of the suit, to disturb and set aside a solemn judgment entered, which, on its face, forecloses every question raised in this case which appellant was afforded ample opportunity to interpose as a defense to her rights upon the trial.

The office of a bill of review is said to be to procure the alteration or reversal of a decree of a court made in a former suit, on the ground of an error of law apparent on the face of the decree, or on the ground of newly discovered evidentiary matter which could not have been discovered by the use of diligence within time to present it to the trial court at any stage of the proceedings in the suit, the judgment in which is assailed by the bill of review.

Trial courts are governed by rules strict and severe in the matter of setting aside a judgment and granting a new trial by the exceptional method of a bill of review.

In proceedings of this nature it is not only necessary that the pleadings disclose the judgment complained about to have been erroneous and unjust, but it must also appear with

certainty and clearness that the result complained about was not caused or contributed to by any carelessness or lack of attention of the party complaining. These requirements are not met in the allegations of the petition in this case. Johnson v. Templeton, 60 Tex. 238; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493; Eureka Paving Co. v. Barnett (Tex. Civ. App.) 216 S. W. 903.

While this proceeding was instituted in behalf of two minors along with appellant Mrs. Bonnie L. Bergeron, which minors were alleged to be children of the marriage of appellant with J. M. Reilly, it is clear that no allegation is made in their behalf to justify the relief sought for them. The property covered by the deed of trust foreclosed is alleged to have been the separate property of appellant. This being true, the minor children of appellant and J. M. Reilly under such allegations could claim no interest in it, and would have no right to relief against any judgment affecting it. That right would reside alone in appellant Mrs. Bonnie L. Bergeron, alleged to be the owner of the land. as her separate estate.

Believing that the general demurrer was properly sustained, we will affirm the judgment of the trial court.

Affirmed.