## CHRISTIAN et al. v. JOYNER et al.
### No. 4678.

Court of Civil Appeals of Texas. Texarkana.
April 12, 1935.

Rehearing Denied April 18, 1935.

154

Lee, Porter & Latham, W. H. Sanford, Saye, Smead & Saye, Conan Cantwell and Jackson & Trueheart, all of Longview, for appellants.

Clint & Eades, of Dallas, J. B. Hatchitt, of Wichita Falls, and Goggans & Keith and Walace Hawkins, all of Dallas, for appellees.

SELLERS, Justice.

Numerous plaintiffs brought this suit against Scurry Christian and his vendees seeking to recover title to 15.34 acres of land, a part of the H. W. Hooper survey located in Gregg county.

The plaintiffs' petition at the outset contains the statutory action of trespass to try title. Plaintiffs then allege facts upon which they seek an accounting for oil taken from the land by defendants. They then allege title by limitation, and their petition then contains the following allegations:

"Further pleading herein and without in any manner waiving, abandoning or limiting plaintiffs' pleading in trespass to try title or any rights which plaintiffs may have or be entitled to thereunder, plaintiffs represent and show to the court that Susan Christian and Randle Christian, both now deceased, and the common source of title to the property in controversy herein and hereinbefore described. That said Susan Christian and Randle Christian were husband and wife, that during the time they were living together as husband and wife, they acquired as community property about 204 acres of land, more or less, a part of the G. W. Hooper Headright Survey in Gregg County, Texas, which property was referred to in two deeds of conveyances, one dated November 24, 1891, of record in Vol. L, page 317, and the other dated September 25, 1899, of record in Vol. S, page 80, of the Deed Records of Gregg County, Texas, both of said deeds being made to said Randle Christian as grantee.

"That the land in controversy and sued for by plaintiffs herein is a part of the aforesaid 204 acres of land, more or less, acquired by said Randle and Susan Christian as aforesaid."

It is then alleged that Randle Christian and his wife, Susan Christian, sold 52 acres off the west side of the 204-acre tract to one of their children; that they remained upon the other 152 acres as their homestead until their death; and that the land which plaintiffs seek to recover is a part of the 152 acres. The plaintiffs then proceed to allege that Randle Christian and Susan Christian had no children; that Randle Christian had children by a former marriage, all of whom are named in the petition, as well as descendants of some of those children who are dead. It is then alleged that the 152 acres of land owned by Randle and Susan Christian was divided among the children and grandchildren of Randle Christian; that such children received their proportionate part of the land, except certain grandchildren of whom the appellant Scurry Christian is one. Nowhere in plaintiffs' petition do they by any sort of allegation connect themselves with the title to the land. There is a prayer for title and possession of the land and for an accounting.

Defendants answered by general demurrer, general denial, and plea of not guilty.

The trial court overruled the general demurrer; and upon trial before a jury and after all evidence was heard, the court instructed a verdict for plaintiffs for all the land described in plaintiffs' petition which was found to be a part of the Randle and Susan Christian 152-acre tract. From this judgment the defendants have duly prosecuted an appeal to this court.

■ There is assigned as error the overruling of appellants' general demurrer to appellees' petition. There is an abundance of authority to the effect that where parties seeking to recover title to land in this state, after alleging the statutory action for such purpose, go further and undertake to allege

their title specially, they are bound by the title so alleged and cannot thereafter resort to their statutory action. Tate v. Tate (Tex. Civ. App.) 299 S. W. 310; Jones v. Clark (Tex. Civ. App.) 292 S. W. 585; Turner v. Ferguson, 39 Tex. 505; Joyner v. Johnson, 84 Tex. 465, 19 S. W. 522; Beer v. Thomas, 13 Tex. Civ. App. 30, 34 S. W. 1010; Richards v. Rule (Tex. Com. App.) 207 S. W. 912; Brownfield v. Brabson (Tex. Civ. App.) 231 S. W. 491; Morrison v. Cloud (Tex. Civ. App.) 13 S.W.(2d) 735, and authorities there cited.

It is also well established that a general demurrer should be sustained to a petition which abandons the statutory action of trespass to try title by pleading their titles specially when there is a lack of allegations showing a title in those seeking to recover the land involved. Harper v. Brown (Tex. Civ. App.) 61 S.W.(2d) 1036; Fleming v. Todd (Tex. Civ. App.) 42 S.W.(2d) 123; McDonald v. Red River County Bank, 74 Tex. 539, 12 S. W. 235; Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340; Brunson v. Yount-Lee Oil Co. (Tex. Civ. App.) 32 S.W.(2d) 893; Lynch v. First National Bank (Tex. Civ. App.) 50 S. W.(2d) 418; Herndon v. Hayter (Tex. Civ. App.) 28 S.W.(2d) 885.

Our conclusion is that appellees' petition comes within both the above rules. They allege the title to the property they claim to have been in Randle and Susan Christian; that it was on their death divided among the heirs of Randle Christian; that such heirs never received more than their proportionate part of such land except the appellant Scurry Christian and his brothers and sisters, who were grandchildren of Randle Christian. There the title stopped, so far as allegations in the petition are concerned, without appellees being connected with the title to the land, either as heirs of Randle Christian or Susan Christian or by conveyances from any of those in whom the title is alleged to be. Such situation, it is believed, makes the petition clearly subject to a general demurrer. The evidence would show in this case that appellees' claim of title, if any they have, is as heirs of Susan Christian. Such evidence was not admissible without allegations of such heirship in the petition. In the case of Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677, 678, Judge Gaines used this language, which seems to us to be appropriate to this case: "When a plaintiff in an action of this character pleads specially his title, and any link in the chain is dependent upon a fact resting in parol, such as heirship, etc., that fact should be alleged, otherwise he will not be permitted to prove it."

The judgment of the trial court will be reversed, and the cause remanded.