## T. J. DOWELL V. NATHAN DERGFELD ET AL.

### Decided June 2, 1905.

**1.—New Trial—Absence of Witness.**

Where plaintiff went to trial knowing that one of his witnesses was not present, the court did not err in refusing a new trial to procure the testimony of the witness, which appeared important, but was cumulative, and would not necessarily change the result.

**2.—Same—Cumulative Evidence—Diligence.**

Where plaintiff was content to go to trial on the evidence at hand, without making any effort to exhaust his sources of proof, he was not entitled to a new trial to procure newly-discovered evidence merely cumulative in its nature.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

*A. Morgan Duke* and *G. W. Cross,* for appellant.

*B. B. Beaird,* for appellee.

GILL, ASSOCIATE JUSTICE.—J. T. Dowell brought this suit to recover of Nathan Dergfeld a piece of real estate situated in Tyler, Texas. The form of the action was trespass to try title. Nathan Dergfeld pleaded limitation of ten years. His codefendant disclaimed. A trial by jury resulted in a verdict and judgment for Dergfeld, and plaintiff has appealed.

There was evidence to the effect that Dergfeld had occupied the property as his home for ten consecutive years before the filing of the suit, and that this occupancy was under a claim of title and a belief that he owned it. The evidence tending to establish limitation of ten years is ample, and that it was sufficient to support the verdict is not questioned. Nor is any complaint made against the charge of the court.

The sole reason offered in support of the prayer for reversal is that the court erred in overruling the motion for new trial predicated upon the absence of an expected witness and newly discovered testimony. T. M. Harpole was the absent witness. He lived in Smith County, and had promised plaintiff to be present at the trial. Plaintiff had not served him with process. Plaintiff announced ready for trial and proceeded with the trial with a knowledge that the witness was not present. He asked no postponement and made no effort to procure his attendance. His testimony, while important, was cumulative and would not necessarily have changed the result. Under the circumstances and in view of the negligence of plaintiff, we can not say the trial court abused his discretion in declining to grant a new trial on this ground.

The evidence claimed to have been discovered after the trial was that of Mrs. Ida Watts, Mrs. Georgia Davis, Miss Ura Scott, J. R. Terry and the books of Norwood, a deceased real estate agent. The three first named would have testified that defendant did not enter upon the premises until 1895, and therefore could not have held for ten years.

They lived near the premises in the town of Tyler where the trial was had and the father of one of them testified for plaintiff. The witness Terry would have testified that he, at the request of plaintiff, went to see defendant in 1903 to get him out of the house or induce him to pay rent; that defendant did not claim the premises and promised to pay rent.

The witness Cross, one of the attorneys for plaintiff, disclosed by his affidavit that one Norwood was the agent of plaintiff. That he is dead. That after the trial his real estate books were found and certain express receipts showing remittances to plaintiff. That entries in his books show he had the property on his rent list in 1893 and 1895, and the remittance receipts show that in 1894 he sent some small amounts to plaintiff. They do not disclose the source of the fund remitted and show no connection with defendant.

It is clear that, as to all the newly discovered evidence, the plaintiff was grossly negligent. It is a fair inference from the record that plaintiff was content to go to trial on the evidence at hand without making any effort to exhaust his source of proof. He was surprised at the result and now believes he can secure a different result if given another chance. Under the circumstances and in view of the merely cumulative nature of the new evidence we are not inclined to hold that the trial judge abused his discretion in overruling the motion for new trial.

The judgment is affirmed.

*Affirmed.*