### KELLER v. KELLER.

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1911. Rehearing Denied Dec. 20, 1911.)

1. JUDGMENT (§ 143*)—DEFAULT—VACATION—EXCUSES.

In order to obtain the vacation of a judgment entered against plaintiff in a prior action by default, she was bound to show that she had been prevented by the fraudulent act of the adverse party, without fault or negligence on her part, from making her defense to the suit, and that she had a good legal or equitable defense to the original demand.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269–291; Dec. Dig. § 143.*]

2. JUDGMENT (§ 162*)—DEFAULT—VACATION—EVIDENCE.

In a suit to vacate a default judgment; evidence *held* to sustain a finding that plaintiff had knowledge of the suit in time to have de-

fended the same, and, not having done so by reason of her own negligence, was not entitled to a vacation thereof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

3. TRUSTS (§ 89*)—RESULTING TRUST—PAYMENT OF MONEY—EVIDENCE.

Evidence *held* to warrant a finding that defendant made the payments of purchase price for certain real estate in question, the title to which was conveyed to plaintiff, and that defendant was therefore entitled to a decree declaring him the owner of the land.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 134–137; Dec. Dig. § 89.*]

4. TRUSTS (§ 89*)—RESULTING TRUST—EVIDENCE—DEGREE OF PROOF.

The rule that, in order to show that a deed, absolute on its face, is intended as a trust, the testimony of more than one witness is required obtains only in cases where it is sought to establish a trust by proving the declaration of a deceased trustee or when the trustee is testifying to the trust in his own interest.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 134–137; Dec. Dig. § 89.*]

5. TRUSTS (§ 134*)—TRUST PROPERTY—ACQUISITION OF HOMESTEAD BY TRUSTEE.

Homestead rights cannot be created in real estate in favor of a trustee as against the cestui que trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 177; Dec. Dig. § 134.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by Nettie Keller against Marshall Keller. To set aside a judgment in a former action. Judgment for defendant, and plaintiff appeals. Affirmed.

Leonard Brown and Jas. W. Brown, for appellant. Carlos Bee and C. C. Todd, for appellee.

FLY, J. On September 11, 1909, appellee filed an action of trespass to try title to certain real estate in the city of San Antonio against the appellant, his mother, and on June 1, 1910, obtained a judgment by default against her for the land. On October 24, 1910, appellant instituted this suit to set aside the judgment in the former suit. Appellant claimed the land as hers, alleging that the different lots were conveyed to her at different times by different parties. She alleged that the citation was not read to her by the officer serving it, nor did he explain it to her; that she was old and ignorant, not knowing how to read or write, and did not know what the citation was, but thought it an advertisement and put it aside without giving it further thought; that her son Marshall was living with her at the time, and that she was doing his washing and ironing and cooking; and that he never intimated to her at any time that he had filed suit against her, although she talked with him everyday. She further alleged that in December, 1909, while cleaning up her room, she found the citation, which she requested her daughter to read to her; that the daughter read

it, and said it was a letter from lawyers, which stated that Marshall had paid her $4,000 to buy the property, and that they wanted her to come down and see about it; that she then asked her son, Marshall, why he had told his lawyers that he had given her the money to buy property, and why he had sent the paper there, and he told her he had not sent any man with the paper. She denied that the money had been paid her by appellee, and that the title to the land was placed in her until he should demand a transfer. The court held that the land belonged to appellee; that appellant, although unable to read and write, was not prevented from answering in the former suit by the fraud or deceit of appellee; and that she presented no valid defense to his action.

[1] In order to obtain the relief sought by appellant, it devolved upon her to show, first, that she had been prevented by the fraudulent act of the adverse party, without fault or negligence on her part, from making her defense to his suit; and, second, that she had a good defense, legal or equitable, to the original demand. Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596. The first matter to be inquired into was as to the right of appellant to reopen the case, and when it was ascertained that appellant had not been prevented by the fraud or deceit of appellee from making her defense, but that she had negligently failed to present the same, the court, with propriety, might have refused to hear any testimony as to the merits of the case, but the court not only heard all the testimony as to the alleged fraud of appellee, but gave appellant as full a hearing on the merits of the case as she could have obtained at the original trial of the cause. The rule, as given by Judge Story in regard to such matters, is copied in Taylor v. Fore, 42 Tex. 256: "But where there was a decided fraud in the proceedings by which the judgment was obtained, as by putting in testimony which the party believed to be false, by giving no notice of the suit, or one calculated to mislead the defendant, and thus deprive him of an opportunity to be heard in the trial at law, or in any similar mode making the trial at law fictitious or fallacious, and also where the defendant at law, through accident or mistake, and without default in the proper degree of watchfulness and care required of careful men in their own cases of equal importance, fails to present his defense fully, courts of equity will in their discretion grant relief by re-examining the case upon its merits. * * *" It is said in Harn v. Phelps, 65 Tex. 592: "To entitle appellants to the relief sought, it is necessary that they should show that they were prevented from urging against the judgment of which they complain objections which would, or ought to, have prevented its rendition, and that this

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

prevention resulted from fraud, accident, or the act of the adverse party without fault or negligence on their part." In the case of Johnson v. Templeton, 60 Tex. 238, it is stated: "Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest to the court that there is good ground to suppose that a different result will be attained by a new trial." In Moore v. Snowball, herein cited, it is held: "The only methods known to our law by which the former judgment could lawfully be set aside were (1) a motion for a new trial during the term; (2) appeal, or writ of error; and (3) by an original proceeding in the court in which the judgment was rendered for a new trial of the case, alleging the ground of recovery, and that without fault they were prevented from presenting it to the court at the trial." Guided by these rules, we will proceed to consider the points raised.

[2] The first assignment of error attacks the finding of the judge to the effect that appellant laid aside the citation, and in about three weeks had her daughter read it to her, and afterwards that she discussed the case with other witnesses before and after the judgment, on the ground that the finding is not supported by the evidence. No attempt is made to show that the finding was not correct by any statement made under the assignment. As a statement, only certain testimony of Nettie Keller and her daughter, Mary Fields, is quoted. It is not stated there was no other testimony on the points involved, perhaps for the sufficient reason that there was other testimony, which the judge had the right and authority to receive in preference to the testimony of appellant and her daughter. Appellee swore that he told his mother that the suit was pending, and that he requested his attorney to write her a letter about it. The attorney testified that he wrote the letter. Mary Fields testified that she read the citation. Whether three weeks or three days after it was delivered was immaterial. Ben Wilson swore that appellant knew of the pendency of the suit. Gertrude Jones, a daughter of appellant, swore that her mother told her that appellee had "put the property in court." Annie Harris swore that she asked appellant to fix a hydrant, and she replied that "she wouldn't spend another nickel on the place until she found out how the suit was going to come out," and that appellee had sued them. The evidence sustained the finding of the court.

[3] The second assignment of error assails the finding of the court that appellee was the main support of the family, and that the earnings of the other members of the family were not more than sufficient to support them, because the evidence showed "that Nettie Keller and her daughter operated a laundry, rented rooms, kept boarders, and raised and boarded Marshall from childhood, and washed for him after he attained his majority and was able to contribute to the support of the family." To sustain the contention, the testimony of appellant that she had made the payments on the land, and of Mary Fields that they had kept a laundry and boarding house, and of J. C. Meredith that appellant had told him that she had boarders is copied. Appellee swore that he made all of the payments on the land, and that his mother and sister used what they made on themselves. Other witnesses corroborated him, and the judge exercised his right of crediting the statements of appellee's witnesses rather than those of appellant. Such being the case, this court cannot disturb the finding.

The third assignment of error is far from being a model, as it is incumbered and weighted down with a long statement as to the facts, but the first part of it sufficiently assails the action of the court in finding that, although all of the property was conveyed to Nettie Keller, it was with the understanding that it should be held for appellee, to be transferred to him on demand, and that the whole of the purchase money was paid by appellee. Appellee swore to facts sufficient to support the finding of the trial judge, and those facts formed a sufficient basis for the finding. His testimony was corroborated and upheld by other facts and circumstances.

[4] Although it was at one time held in this state (Moreland v. Barnhart, 44 Tex. 275) that in order to show that a deed, absolute on its face, is intended as a trust, the testimony of more than one witness is required, that rule does not now obtain except in cases in which it is sought to establish a trust by proving the declaration of a deceased trustee, or the trustee is testifying to the trust in his own interest. It is so held in Pierce v. Fort, 60 Tex. 464, one of the cases cited by appellant. Appellee did not testify to any declarations of a deceased person, and neither was he a trustee. In the case of American Freehold Land Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377, decided by the Court of Civil Appeals of the Third District, in which a writ of error was refused, it was held: "The two witness rule, or the one with corroborating circumstances, which prevails in some of the states in cases of this character, does not exist in this state, except in case of the character mentioned in Muckelroy v. House [21 Tex. Civ. App. 673] 52 S. W. 1039. Such a rule, we think, has no foundation in principle, for

if the evidence is of such a character, whether it comes from one or many witnesses, as to satisfy the conscience of the court that its equitable relief should be administered, no hesitancy should be felt in applying the principles that would govern the particular case. It would be a singular proposition to announce that the law more sacredly guards and protects the property of the citizen than it does his life; yet an admission of the insistence of appellant would necessarily lead to the conclusion that life or liberty could be lost on less evidence than would be required to deprive him of an apparent right in property." The case of Ingenhuett v. Hunt, 15 Tex. Civ. App. 248, 39 S. W. 310, decided by this court, is not in conflict with the rule announced, but it cited and followed the case of Pierce v. Fort, herein cited.

As hereinbefore stated, however, there was a failure to prove that appellant was prevented by the fraud or deceit of appellee from making her defense on the original trial, but the evidence shows that she was guilty of inexcusable negligence and carelessness as to her rights that her ignorance was not responsible for, and for which it could not atone. Although great stress is placed upon the age, ignorance, and previous conditions of servitude of appellant, these things could not excuse the utter neglect of matters pertaining to her business, especially as she had the counsels of her educated daughter, who told her sufficient to put her upon notice. The evidence clearly indicates that she knew that her son was suing her for the property, and, unless she was prevented from attending the trial by the artifice, deceit, or fraud of appellee, she has no ground of complaint. Appellee swore that he told his mother of the pending suit, that, when she asked him about the $4,000 named in the citation, he said: "Well, I didn't pay no $4,000 at all. Tell it to the court." He did this to prevent a row. It did not deceive appellant, for she, time and again, afterwards spoke of the pendency of the suit. It is true that he was her son, and that under ordinary circumstances she could rely upon his loyalty, but at that time they were not on such confidential terms as to give his statement that he did not pay $4,000 sufficient force to set aside the notice given by the citation. A judgment should not be set aside on such facts. Heath v. Fraley, 50 Tex. 209; Myers v. Pickett, 81 Tex. 53, 16 S. W. 643. White v. Powell, 38 Tex. Civ. App. 38, 84 S. W. 836. As hereinbefore stated, the court could have refused to go further than an investigation of the issue of fraud when it was ascertained that the charge of fraud had not been sustained. The court, however, gave appellant the benefit of a trial upon the merits, and she would have had nothing more if she had been present at the first trial and presented her defenses.

[5] If appellee paid for the first piece of property, which afterwards became the home of himself, mother, and sister, and it was conveyed to his mother through her procurement, but she afterwards recognized the trust, no question of homestead could arise in the case. Homestead rights cannot be created in favor of a trustee as against the cestui que trust.

We have considered all of the assignments of error, and find that none of them should be sustained, and therefore the judgment should be affirmed.