HALL v. HALL et al. (No. 5746.)

(Court of Civil Appeals of Texas. Austin. Nov. 28, 1917.)

1. APPEAL AND ERROR ⊙⇒384(3), 797(2) — BOND—JURISDICTION—TIME—DISMISSAL.

Where an appeal bond does not distinctly name the obligees, but does so by reasonable intendment, it at any rate gives the appellate court jurisdiction, and a motion to dismiss, not having been filed in time, will be overruled.

2. TRIAL ⊙⇒139(1), 140(1)—CREDIBILITY AND WEIGHT OF TESTIMONY—JURY QUESTIONS.

The credibility of a witness and the weight of his testimony is for the jury.

3. TRUSTS ⊙⇒44(3)—PAROL TRUSTS—SUFFICIENCY OF EVIDENCE.

A parol trust can be grafted upon a deed by testimony of one witness.

4. TRUSTS ⊙⇒371(8) — ESTABLISHMENT — PLEADINGS AND PROOF.

Where plaintiff alleged that a grantor and her husband settled a divorce case and such grantor gave a deed to defendant with the understanding that on the death of the husband a one-half interest should be deeded to plaintiff's father, the land granted being the homestead and community property, there was no variance as to the parties to the agreement, though the husband was not a party thereto; no claim of that kind being made.

5. CONTINUANCE ⊙⇒26(11) — ABSENT WITNESS—DISCRETION.

Where a witness resides out of the county and a deposition could have been had, it was not an abuse of discretion to refuse a continuance to obtain his testimony.

6. TRUSTS ⊙⇒374—ACTION FOR LAND—PLEADING—RECOVERY OF RENT.

In an action for a half interest in land held in trust, where the trustee pleaded limitations and adverse possession, plaintiff was entitled to rent on recovery.

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Suit by Ida Hall and others against Brack Hall. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

W. F. Robertson, of Dallas, and Nunn & Love, of Georgetown, for appellant. R. E. Bowers and Wilcox & Graves, all of Georgetown, for appellees.

On Motion for Rehearing by Appellant.

JENKINS, J. In order that our decision in this case and reasons therefor may be succinctly stated, we withdraw our former opinions herein upon original hearing and upon former motions for rehearing, and substitute this opinion in lieu thereof.

Findings of Fact.

Moses Hall and Rilla Hall were husband and wife. In 1899 there was a divorce suit pending in the district court of Williamson county between said parties. Appellant Brack Hall and Thos. Hall were their only children. Plaintiff alleges that at the date mentioned the divorce suit was compromised and Moses Hall and Rilla Hall, for the consideration of $500 paid to Rilla Hall by Brack Hall, executed to Brack Hall a deed to the land in controversy, upon the agreement between Brack Hall and Rilla Hall that at the death of Moses Hall he would convey a one-half interest in said land to Thos. Hall. The land in controversy was the homestead and community property of Moses and Rilla Hall. The evidence shows that Moses Hall was unwilling for Thos. Hall to inherit from him any part of said land. Rilla Hall died January 11, 1908. Moses Hall lived with Brack Hall until his death, February 14, 1912. Thos. Hall died March 22, 1914, leaving surviving him his wife, Ida Hall, and his minor children, Irene Hall, Doloris Hall, Frankie Hall, and Thos. Hall, the appellees herein.

The case was submitted to the jury upon special issues as follows:

"(1) Was the deed introduced in evidence, dated December 26, 1898, and acknowledged January 3, 1899, executed by Rilla Hall upon the expressed condition and understanding that, at the death of Moses Hall, Brack Hall should convey to Thos. Hall an undivided one-half interest in said land?

"(2) If you have answered the preceding question in the affirmative, then, did the defendant, Brack Hall, accept said deed upon such condition?

"(3) At the time of, or immediately before, the execution of said deed by Rilla Hall, did the defendant, Brack Hall, promise and agree that upon the death of Moses Hall he would deed an undivided one-half interest in and to said land to Thos. Hall?

"(4) If you have answered the preceding question in the affirmative, then, was such promise and agreement of the defendant, Brack Hall, made for the purpose of inducing said Rilla Hall to sign said deed?

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(5) If you have answered the preceding question in the affirmative, then: (a) Did the said Brack Hall, at the time he made said promise and agreement, intend to carry out and fulfill the same? (b) Was the said Rilla Hall, by reason of said promise and agreement, induced to sign said deed?"

To each of the foregoing questions the jury answered, "Yes." The evidence is sufficient to sustain the findings of the jury.

### Opinion.

1. Appellees filed a motion to dismiss the appeal, for the reason that the bond does not name the obligees therein.

[1] While the bond does not distinctly name the obligees, it does so by reasonable intendment. State v. Wood, 51 Ark. 205, 10 S. W. 624; Leach v. Flemming, 85 N. C. 447; 9 C. J. 12. At any rate, the bond is sufficient to confer jurisdiction on this court. Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Oliver v. Cotton Co., 136 S. W. 508. Such being the case, and the motion to dismiss not having been filed within the time required by the rules governing this court, said motion is overruled.

[2] 2. Appellant assigns as error the refusal of the court to peremptorily instruct the jury to return a verdict in his favor, for the reason that the evidence did not clearly and satisfactorily establish a parol trust. This assignment is overruled for the reason that, if appellees' witness Walter Rector told the truth, such trust was clearly established. There is no uncertainty in his testimony as to the subject-matter, the parties, the interest of Rilla Hall to be conveyed to Brack Hall, nor as to the conditions upon which the same was conveyed. The credibility of the witness and the weight to be given to his testimony was for the jury.

[3] 3. Appellant contends that a parol trust cannot be grafted upon a written instrument by the testimony of one witness. Such is not the law in this state. Pierce v. Fort, 60 Tex. 464; Whitfield v. Diffie, 105 S. W. 324; Keller v. Keller, 141 S. W. 583.

[4] 4. We do not think that there was a variance between the allegations and the proof as to who were the parties to said agreement. Moses Hall was a party to the divorce suit, but it is evident that it was not intended to allege that he was a party to the trust agreement. It is not claimed by appellees that there was any trust agreement as to the half of the land owned by him and by him conveyed to Brack Hall. No such variance was suggested upon the trial, either by objection to the evidence or by requested charge. Railway Co. v. Evans, 78 Tex. 370, 14 S. W. 798; Brown v. Sullivan, 71 Tex. 477, 10 S. W. 288; Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Parks v. Sullivan, 152 S. W. 705; Roberts v. Graham, 6 Wall. (73 U. S.) 578, 18 L. Ed. 791.

[5] We do not think the court abused its discretion in refusing to postpone the case in order to obtain the testimony of the witness Edrington. He did not reside in Williamson county, and appellant should have taken his deposition. Dowell v. Dergfield, 39 Tex. Civ. App. 635, 87 S. W. 1051.

We cannot say that the court abused its discretion in refusing to grant a new trial on account of the newly discovered testimony of the witness Miller.

[6] The appellant having taken exclusive possession of the land, claiming the same adversely to appellees, and having pleaded not guilty and the statute of limitation, appellees were entitled to recover rent. But we think that appellees, under the allegations of their petition, were not entitled to recover rent at the rate of $3 per acre per annum, for the period since the death of Moses Hall, but only $3 per acre for such entire period. Appellees recovered rents for $625.50, when, under their pleadings, they were entitled to recover only $208.50. The excess rents recovered are $417. Appellees having expressed a willingness to remit such excess, the judgment of the trial court is here so reformed as that appellees shall recover of appellant only the sum of $208.50 rents, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment in the trial court.

As thus reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.