M. O. Danciger and Emerich Oil Company v. N. K. Smith.

Application No. 14872. Decided December 1, 1926.

(289 S. W., 679).

1.—Bankruptcy—Recovery of Judgment by Bankrupt.

Until the appointment of a trustee in bankruptcy, one adjudged a bankrupt may still maintain action and have recovery on a claim owing to him. (P. 273).

2.—Same—Case Stated.

After the institution of plaintiff's suit he filed a petition in voluntary bankruptcy and was adjudged a bankrupt. No trustee in bankruptcy was appointed, neither the claim sued on nor any other assets being scheduled by him. Held that plaintiff could maintain his action and have recovery in spite of his adjudication as a bankrupt,—that working no abatement of his action until the appointment of a trustee to take over his assets. (Pp. 271-276).

Application for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Smith, plaintiff in the trial court, recovered judgment against the applicants, which, on their appeal, was affirmed (286 S. W., 633). Thereupon they applied for writ of error which is here refused.

*Wallace & Taylor, Carden, Starling, Carden & Hemphill,* and *T. F. Hunter,* for plaintiffs in error.

The Court of Civil Appeals erroneously held that the District Court did not err in refusing to instruct the jury to return a verdict in favor of the defendants in this case, all for the reason that the uncontradicted evidence was that the assignments of the claim sued upon to Dr. J. B. Cranfill and to Mrs A. E. Hutchinson had been made by plaintiff below as security for a debt prior to the filing of his voluntary petition in bankruptcy. The uncontradicted evidence was that the plaintiff below was adjudged a bankrupt on June 17, 1921, and that no assets were scheduled by him and no mention was made of the claim in suit, and no trustee was appointed. The Court of Civil Appeals and the District Court should therefore have held that the title to such claim was in the trustee in bankruptcy, and that the bankrupt himself had no title therein and had no right to maintain the suit thereon. The Court of Civil Appeals in holding as it did, holds differently from a prior decision of the same court upon the same question of law, viz: the decision in the case of Perkins v. Alexander, 209 S. W., 789, in which latter case such court followed the Supreme Court of the United States in the case of First National Bank v. Lassiter, 196 U. S., 115, 49 L. Ed., 408, to the effect that where a bankrupt had not scheduled an asset the title thereto was not reinvested in him by failure of the trustee to assert ownership. Acme Harvester Co. v. Beekman Lbr. Co., 222 U. S., 300, 56 L. Ed., 208; Cobb, In re., 96 Fed., 821; Cutler & John, In re., 228 Fed., 771; Fincher v. Buie, 254 S. W., 156; Jersey Island Packing Co., In re., 138 Fed., 625; Juden v. Nebham, 60 Southern, 45; First National Bank of Jacksboro v. Lasatar, 196 U. S., 115, 49 L. Ed., 409; Paleais, In re., 296 Fed., 403; Patterson Lbr. Co., In re., 247 Fed., 578; Perkins v. Alexander, 209 S. W., 789; Rand v. Sage, 102 N. W., 864; Western Star Lodge v. Burkes, 267 Fed., 550.

In view of defendant in error's bankruptcy, he does not own the cause of action sued on, and therefore cannot recover. Rand. v. Sage, 102 N. W., 864.

Defendant in error's failure to schedule his property does not affect the question. The title to unscheduled choses in action nevertheless does not remain in the bankrupt. First National Bank v. Lasater, 196 U. S., 115; Perkins v. Alexander, 209 S. W., 789; Jones v. Barnes, 66 So., 212; Raley v. Sullivan, 207 S. W., 906; Juden v. Nebham, 60 So., 45; Miller v. Arenz, 203 Pac., 299; 2 Black on Bankruptcy, Sec. 317; 3 Remington on Bankruptcy, Sec. 1267.

The particular property not having been scheduled, there can be no presumption that the court or the trustee elected not to claim or to abandon it. Property is regularly brought within the control of the bankruptcy court by means of schedules filed by the bankrupt, and it cannot be presumed that the bankruptcy court elected to surrender title to property that was never scheduled. On the contrary, the presumption must be that, since the property was not brought to the notice of the court in the way required by law, the court took no action with respect to it. First National Bank v. Lasater, 196 U. S., 115; Rand v. Sage, 102 N. W., 864.

*Jed C. Adams* and *Charles A. Rasbury,* for appellee.

The court did not err in refusing to peremptorily direct verdict for appellants on the ground that the appellee, after filing this suit, filed petition for adjudication and discharge in bankruptcy, for the reason that it appeared without contradiction in the evidence that ten months prior to filing said petition for adjudication and discharge in bankruptcy appellee unconditionally and for value transferred and assigned the cause of action set up in this suit to others to whom he was indebted, and was by express agreement prosecuting the suit in his name for the use of his assignees, and, as a consequence, appellee, the bankrupt court or appellee's creditors had no interest therein nor were they entitled to have the claim scheduled as a part of appellee's estate. Seiter v. Smith, 105 Texas, 205; Fincher v. Buie, 254 S. W., 156; Fifth Corpus Juris, 985, Sec. 183.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This proceeding is upon application for writ of error. The suit was originally instituted by N. K. Smith, the defendant in error, against the plaintiffs in error, to recover the sum of $60,000 commissions, alleged to be due him by reason of a contract for services as a broker to negotiate the sale of certain oil

properties. After certain proceedings, not necessary to here notice, the case was tried by a jury on special issues, and upon the verdict a judgment was entered in favor of the defendant in error for $60,000. The case was carried to the Court of Civil Appeals, where the judgment 'of the trial court was affirmed, and application is now made to this Court for writ of error.

We have carefully examined the application, and have concluded that the writ should be refused. One question presented, however, challenged our attention, not only because of the presentation made in the application, but because of an able additional argument filed on this particular question by counsel for the plaintiffs in error.

It appears that after the institution of this suit the defendant in error, Smith, filed a voluntary petition in bankruptcy, in which no assets were scheduled and no mention made of the claim here involved, although he was then the owner of and had prior to the bankruptcy proceedings assigned his interest in the claim to secure a certain pre-existing indebtedness, as well as to pay his attorney's fees in this proceeding. The opinion of the Court of Civil Appeals, reported in 286 S. W., 633, contains a full statement of the case, and it is not necessary for us to enlarge thereon.

It appears that the defendant in error was adjudicated a bankrupt, but since he listed no assets, no trustee in bankruptcy was ever appointed, and of course no claim was made by a trustee to the assets evidenced by the claim recovered on in this proceeding. The plaintiffs in error contend that the trial court should have given a peremptory instruction directing the jury to return a verdict in their favor, for the reason that the defendant in error had been adjudged a bankrupt on June 17, 1921, and that therefore all title had passed out of him and he was without authority to maintain the suit. In the argument filed in this Court it is said: "Since in virtue of the adjudication the property immediately passes in *custodia legis,* and since when a trustee is appointed the title vests as of the date of the adjudication, it results that from and after the date of the adjudication, the bankrupt is without title." Plainly stated, the insistence is that when the defendant in error filed his petition in bankruptcy and was adjudicated a bankrupt, all title to the chose in action upon which this suit is brought passed out of him, and that in so far as the present litigation is concerned, he was civily dead. Counsel quote from an authority: "The

correct view of this matter is that the condition of a bankrupt's property after the adjudication and before the appointment of a trustee is analogous to the condition of the personal property of a decedent before the appointment of an executor or administrator. *Bankruptcy, like death, divests the title of the owner. It becomes thereupon in custodia legis.*"

Whatever may have been the previous holdings of authoritative courts, it is certain now that the bankrupt is no longer considered as civilly dead during the time elapsing during the period of the adjudication in bankruptcy and the appointment of a trustee. On the contrary, the courts now hold that the title to the property remains in the bankrupt, and subject to his control, until a trustee is appointed and has qualified. He may during that period maintain such actions or proceedings as may be necessary to preserve and protect the property, and his rights in this respect are only divested by the appointment of a trustee. Christopherson v. Harrington, 18 Minn., 42, 136 N. W., 284, 41 L. R. A. (N. S.), 276, 279; Rand v. Iowa Central Ry., 86 N. Y., 58, 116 Amer. St. Rpts., 530, 9 Ann. Cases, 542, 3 Ruling Case Law, p. 233, Sec. 64; Gordon v. Mechanics & Traders Ins. Co., 120 La., 441, 15 L. R. A. (N. S.), 827, 831, 124 Am. St., 434; Johnson v. Collier, 222 U. S., 538, 56 L. Ed., 306.

In the case of Rand v. Iowa Central Ry. the action was to recover a claim for services rendered. Recovery was denied upon the ground that the plaintiff had been devested of all title to the claim in suit by reason of the fact that he was adjudicated a bankrupt after the cause of action accrued in his favor, and before the beginning of the suit. The adjudication in bankruptcy was deemed to have this effect, although no trustee in bankruptcy was ever appointed. The Court of Appeals of New York reversed this holding of the lower courts, and decided that Rand could maintain the suit, although he had been previously discharged in bankruptcy. In that case the insistence was made, and the conclusion was expressed by the court, that the omission to appoint a trustee was due there, as it is said to have been due here, to failure on the part of the plaintiff in the action to disclose the existence either of the claim or any other property in the bankruptcy proceeding. The Court of Appeals in holding that Rand could maintain the suit among other things said:

"While the concealment of any property on the part of a bankrupt must be deemed a reprehensible act as toward his creditors, it by no means follows that such concealment has any bearing upon the question as to whether the bankruptcy proceedings have gone far enough to devest the bankrupt of title.

In our judgment the proceedings in the case of the plaintiff had not progressed sufficiently to deprive him of the right to maintain an action in his own name in the state court upon the claim in suit. The bankruptcy act of 1898 (section 70) provides that the trustee of the estate of a bankrupt upon his appointment and qualification shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged bankrupt. It is plain that this provision can never become effective until a trustee in bankruptcy shall have been appointed. Here none was appointed; hence the conditions did not exist which were requisite to render this provision of section 70 operative.

\*      \*      \*      \*      \*      \*      \*      \*

"As was said by the Supreme Judicial Court of Massachusetts in another litigation growing out of the same fire: 'No change of title was effected until the appointment and qualification of the trustee'; Fuller v. New York Fire Ins. Co., 184 Mass., 12, 67 N. E., 879. So here the plaintiff's title to the chose in action, which is the basis of the present suit, did not pass out of him in the bankruptcy proceedings, since no trustee was appointed to whom it could pass."

In the case of Gordon v. Mechanics & Traders Insurance Co., supra, the Supreme Court of Louisiana, among other things, said: "But if no trustee is ever appointed, the bankrupt does not part with the ownership of his property."

In the case of Christopherson v. Harrington, cited above, the Supreme Court of Minnesota said:

"The bankrupt is no longer regarded as civily dead during the period elapsing between the adjudication in bankruptcy and the appointment of the trustee. Loveland, Bankr., 759; Plaut v. Gorham Mfg. Co. (D. C.), 174 Fed., 852. On the contrary, the courts now hold that the title to the property remains in the bankrupt and subject to his control until the trustee is appointed and qualified. He may, during that period, maintain such actions or proceedings as may be necessary to preserve and protect the property, and his rights in this respect are only devested by the appointment of the trustee."

In the case of Johnson v. Collier, 222 U. S., 538, the facts were as follows: Johnson recovered judgment against Collier, and execution was issued and levied on certain personal property of the latter. Under provision of the State law, Collier filed with the sheriff a claim of exemption. On the same day he filed in the proper district court of the United States a voluntary petition in bankruptcy, including the property levied on

in his schedule of assets.   Notwithstanding the claim of exemption, the sheriff sold the property at public outcry on July 30, 1906.   Thereafter, on a date not shown by the record, Collier was adjudicated a bankrupt.   On August 8, 1906, before a trustee was elected, he brought suit against both Johnson and the sheriff for damages, on the theory that the sale of the property after the filing of the claim of exemption made them trespassers *ab initio*.   The defendants, that is Johnson and the sheriff, filed a plea in which they set up the pendency of the bankruptcy proceeding, and alleged that Collier had no title to the cause of action, which was *in gremio legis* until the election of the trustee, and that for that reason he could not maintain a suit for damages occasioned in the unlawful sale of property included in the assets.   Demurrer to this plea was sustained, and the jury found a verdict in favor of Collier.   The ruling was affirmed and writ of error granted by the Supreme Court of the United States to the Supreme Court of Alabama.   The opinion of the Supreme Court of the United States, written by Mr. Justice Lamar, decided that the bankrupt, Collier, was not devested of his property by filing a petition in bankruptcy,—that he was still the owner, holding in trust, pending the appointment and qualification of a trustee, whose title then relates back to the date of the adjudication.   Justice Lamar, after stating that while for many purposes the filing of a petition in bankruptcy is in the nature of an attachment upon choses in action and other property of the bankrupt, said: "yet his title is not thereby devested.   He is still the owner, though holding in trust until the appointment and qualification of the trustee, who thereupon becomes vested, by operation of law, with the title of the bankrupt as of the date of the adjudication."   The opinion further holds that until the trustee is appointed, the bankrupt has a title sufficient to authorize him to institute and maintain suits on any cause of action otherwise possessed by him, saying:

"Until such election the bankrupt has title—defeasible, but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him.   It is to the interest of all concerned that this should be so.   There must always some time elapse between the filing of the petition and the meeting of the creditors.   During that period it may frequently be important that action should be commenced, attachments and garnishments issued, and proceedings taken to recover what would be lost if it were necessary to wait until the trustee was elected.   The institution of such suit will result

in no .harm to the estate. For if the trustee prefers to begin a new action in the same or another court in his own name, the one previously brought can be abated. If, however, he is of opinion that it would be to the benefit of the creditors, he may intervene in the suit commenced by the bankrupt, and avail himself of rights and priorities thereby acquired. Thatcher v. Rockwell, 105 U. S., 467.

"If, because of the disproportionate expense, or uncertainty as to the result, the trustee neither sues nor intervenes, there is no reason why the bankrupt himself should not continue the litigation. He has an interest in making the dividend for creditors as large as possible, and in some States the more direct interest of creating a fund which may be set apart to him as an exemption. If the trustee will not sue and the bankrupt cannot sue, it might result in the bankrupt's debtor being discharged of an actual liability. The statute indicates no such purpose, and if money or property is finally recovered, it will be for the benefit of the estate. Nor is there any merit in the suggestion that this might involve a liability to pay both the bankrupt and the trustee. The defendant in any such suit can, by order of the bankrupt court, be amply protected against any danger of being made to pay twice. Rand v. Iowa Central Ry. Co., 186 N. Y., 58; Southern Express Co. v. Connor, 49 Georgia, 415.

"There was no error in holding that the bankrupt had title to the cause of action and could institute and maintain suit thereon."

Upon these authorities it is plain enough that the opinion of the Court of Civil Appeals holding that the defendant in error in this suit could maintain the action is correct. Nor is the opinion in conflict with that of Perkins v. Alexander, 209 S. W., 789. The Court of Civil Appeals in that case held that where the plaintiff failed to schedule a note in his bankruptcy proceedings, and inferentially concealed from the trustee, he could not, after having been adjudged a bankrupt, maintain suit on the note and foreclose a mortgage securing it, without showing that the trustee had not elected to claim the note or refused to do so. In that case a trustee in bankruptcy had been appointed, and this is a material and distinguishing difference between it and the case at bar. It is obvious that there is no such conflict as would authorize us to grant a writ of error. The application for writ of error is accordingly refused.