## FARMERS' STATE BANK v. SMITH et al.
### No. 2226.

Court of Civil Appeals of Texas. Beaumont.
May 19, 1932.

Rehearing Denied May 25, 1932.

E. W. Love, of Cleveland, and John S. Red-ditt, of Lufkin, for appellant.

P. C. Matthews, of Liberty, for appellees.

WALKER, J.

This suit was instituted in the district court of Liberty county by D. C. Smith, C. R. Smith, and B. C. McClelland against Farmers' State Bank of Cleveland in Liberty county, to cancel a deed of trust lien in favor of the bank against lot No. 12 and 10 feet off the north side of lot No. 11 in block 5 in the town of Cleveland, owned by the plaintiffs, on allegations that this property was their business homestead property. and was such when the deed of trust was executed by them in favor of the bank. It was further alleged that the bank had advertised the property for sale on the first Tuesday in May, 1931, under its deed of trust. Temporary injunction was issued on the 19th of April restraining the .sale. The only answer filed by the bank to the petition was the following verified plea to the jurisdiction of the district court:

"That the plaintiffs herein have been adjudged bankrupts since the filing of plaintiffs' petition herein, and that all the property under the control of the plaintiffs is now custodia legis in the Bankrupt Court for the Eastern District of Texas, which said court has jurisdiction over the matter in controversy in this suit, and that this court is without jurisdiction to hear and determine the issues in controversy in this cause between plaintiffs and defendant.

"That the exclusive jurisdiction of the bankrupt court is so far in rem that the estate of plaintiffs is in custodia legis from the time of the filing of the petition for bankruptcy in the bankrupt court.

"Wherefore defendant prays judgment that this court take no further cognizance of this suit."

The case came on for trial on the 17th of June, 1931, and judgment was entered overruling the plea to the jurisdiction and in favor of the plaintiffs that the land in controversy was their business homestead when the deed of trust was executed and had continued their homestead and that the deed of trust be canceled and the temporary injunction made permanent. The bank has duly prosecuted its appeal from this judgment.

The record contains no statement of facts but the transcript contains conclusions of fact and law supporting the court's judgment, wherein the deed of trust was canceled and the injunction made permanent.

As we understand the record, no evidence was offered in support of the plea to the jurisdiction of the trial court, but that issue was determined as a matter of law upon the pleadings of the parties. The most that appellant could insist upon from the allegations of the pleadings is a confession by one of the appellees, in answer to a plea of intervention filed by a third party, that he and the other appellees had been adjudged bankrupts since the filing of this suit. For the purposes of this opinion we concede that the pleadings are sufficient to establish this issue, though appellees deny they are subject to this construction. But this construction of the pleadings does not show error in overruling the plea to the jurisdiction. In Danciger v. Smith, 116 Tex. 269, 289 S. W. 679, speaking for the Supreme Court, Chief Justice Cureton said that the bankrupt is no longer "considered as civilly dead during the time elapsing during the period of the adjudication in bankruptcy and the appointment of a trustee." On the contrary, it was held that the title to the property of the bankrupt remains in him and subject to his control until a trustee is appointed and qualified. Judge Cureton further held that prior to the appointment of the trustee the bankrupt may maintain such "proceedings as may be necessary to * * * protect the property, and his rights in this respect are only divested by the appointment of a trustee." The failure of appellant to plead and prove the appointment of a trustee in the bankrupt proceedings against appellees rendered the plea to the jurisdiction of the court fatally defective and brought this case clearly within the rule announced in the Danciger Case. Appellant cites, as controlling in its favor, Isaacs v.

Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. That case is not in point on this proposition because there the trustee had been appointed and was a party to the litigation. It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.