### SOUTHERN TRAVELERS ASS'N v. STILLMAN et al.

#### No. 13563.

Court of Civil Appeals of Texas. Fort Worth.

June 18, 1937.

Rehearing Denied Oct. 1, 1937.

George C. Kemble and R. B. Young, Jr., both of Ft. Worth, for appellant.

·Roy A. Scott, of Ft. Worth, for appellees.

SPEER, Justice.

This suit was filed by Southern Travelers Association, hereinafter referred to as appellant, in one of the district courts of Tarrant county, Tex., against Dora Stillman, Roy Scott, her attorney, and W. E. Alexander as district clerk of Tarrant county, Tex., who will be referred to as appellees where all· are involved.

The nature of appellant's cause of action was in form of a bill of review and for injunction against all of the appellees to restrain them from having execution issued and served in a judgment theretofore obtained by Mrs. Stillman against the appellant.

Appellant alleges it is a mutual accident and health insurance company, a corporation, incorporated and chartered under chapter 6, title 78, of Revised Civil Statutes of Texas (1925); that on May 13, 1932, Dora Stillman, represented by Roy Scott, instituted a suit against appellant in the Forty-Eighth district court of Tarrant county, Tex., on a policy of insurance held by the husband of Dora Stillman and that citation was claimed to have been served on J. V. Hardy, who was at that time secretary of appellant association, and a member of the board of directors; that the citation was returnable on June 13, 1932, and that Dora Stillman, through her attorney Roy Scott, took a default judgment for $1,000· against appellant on June 18, 1932; that the appellant filed no answer in said cause, and did not learn of the judgment until September 6, 1932, and that the term of court expired on July 31, 1932.

Further allegation is made that the default judgment is and was void for the reason no proof was offered in its support at the time it was rendered. It is further averred that if process was served on J. V. Hardy, that fact was fraudulently concealed by him from the appellant, and for that reason no answer was filed in said suit, and that if appellant had known of the suit and service of process it would have answered and contested same; that appellant had a valid defense which ·it would

have urged, in that the policy of insurance sued on was what is known to appellant as "Class H Membership," and that by the terms of the policy the liability of appellant depended upon the happening of certain conditions which it alleged did not exist; that the petition of Dora Stillman in said suit did not allege the conditions of said policy which would entitle her to recover thereon. In support of its prayer for injunction and in the alternative appellant alleged that under its by-laws and the laws of this state, especially article 4797, Rev. Civ.St.1925, all judgments rendered against it are deemed satisfied when associations such as appellant shall levy an assessment against the members of the same class and pay the amount collected, along with any other available funds in the hands of the association for that purpose, to the claimant under such judgment; that an assessment had been made on all members of the same class as that in which the husband of Dora Stillman was included, and that the sum of $5.80 was received therefrom, and said amount had been tendered to Dora Stillman, and, she having declined to accept the same, that amount had been deposited with the clerk of the court for the use and benefit of Dora Stillman in satisfaction of said judgment.

Prayer is for injunction restraining appellees from attempting to collect the amount awarded in the original suit, No. 1790—A; that said judgment be set aside, and that it be permitted to present its defense thereto; and in the alternative that, if the original judgment be not set aside, then that the court so reform it that the payment by appellant of the amount received by it from an assessment against all members in the named class will satisfy the payment thereof.

The appellees answered by general denial. A jury was waived and the case tried to the court, who, having heard the pleadings and testimony offered, found against appellant in its every contention. Judgment was rendered to this effect, from which this appeal is perfected.

The appeal is predicated on three propositions based on proper assignments of error. The substance of the propositions is:

(1) The undisputed testimony showed the agent of appellant, upon whom service of process was had, fraudulently concealed from the corporation the fact that suit had been filed and that he had been served with

citation, until after judgment had been rendered by default for $1,000; therefore appellant was entitled to have the judgment set aside and be permitted to present its defense.

(2) Since article 4797, Rev.Civ.St.1925, provides that a judgment rendered against a mutual accident insurance company shall be satisfied by payment of the full amount realized from an assessment made in accordance with the by-laws to meet the contingency insured against, the court was without authority in the original suit to enter judgment for the maximum amount of the policy and to order execution for its collection; therefore the judgment was void and its enforcement should be enjoined.

(3) It being made to appear that an assessment had been made against the members of the class in which Mr. Stillman was insured, and the full amount procured therefrom had been tendered to Dora Stillman, any judgment that may have been rendered in the original suit was satisfied, and further execution thereon should be enjoined.

No effort was made to prove the allegation that proof was not offered to establish Mrs. Dora Stillman's right to recover in the original suit, and we need not refer to this charge again.

We do not believe appellant's first proposition is sound. In an effort to prove it had been deprived of its right to appear and defend the suit on account of fraud, the record discloses that, if a fraud was practiced at all, it was by appellant's secretary and a member of the board of directors, J. V. Hardy. The record shows Hardy was served with citation in cause No. 1790—A, which process was returnable June 13, 1932; that, after the service of process on him, J. V. Hardy sold to Scanlan and others an "Operating Contract" in connection with appellant association; the deal was closed on May 23, 1932, which was prior to the date of judgment in cause No. 1790—A, and, on the day this sale was made, Hardy and those who had acted with him as members of the board of directors severed their connection with appellant, and a new board consisting of Scanlan and others was named.

The testimony shows Hardy did not disclose to the new board of directors that a suit was pending and that he had been served with process therein. No testimony was offered to the effect that Hardy had

withheld the information from the members of the board who were acting with him when the transactions took place; it does not appear that the old board did not know all about the claim, the suit, and that Hardy had been served with process. The appellant, being a corporation, could not change its board of directors, and thereafter claim the new board did not know what their predecessors knew.

To concede, for the argument, that Hardy withheld from his fellow directors the fact that a claim had been made by Mrs. Stillman, and that a suit had been filed and that he had been served with process therein, still this is not such a fraud upon appellant as will entitle it to the relief here sought. Mrs. Stillman, the plaintiff in the original suit, should not be penalized for an act of one of the directors of appellant. Such a rule would allow appellant to take advantage of its own wrong.

We have been cited to no case, nor have we been able to find one in which it is held that a party is entitled to equitable relief against a judgment obtained as a result of fraud perpetrated by himself, or, if the complaining party be a corporation, a fraud perpetrated by its own officers whose duty it was to transact its business.

The case of Keller v. Keller (Tex.Civ. App.) 141 S.W. 581, 582 (writ refused), involved the right of plaintiff to set aside a judgment rendered against her in favor of another, in which it was alleged plaintiff was old, ignorant, and not acquainted with business affairs; that she received a citation but did not know what it was and took no steps to avoid a judgment being rendered; that she talked with the party every day, who had sued her, and nothing was ever said by either about a pending suit. It was there held that, no fraud on the part of plaintiff in the original suit being shown, she could not recover. The court there announced the rule in this language:

"In order to obtain the relief sought by appellant, it devolved upon her to show, first, that she had been prevented by the *fraudulent act of the adverse party,* without fault or negligence on her part, from making her defense to his suit; and, second, that she had a good defense, legal or equitable to the original demand. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R. A. 745, 107 Am.St.Rep. 596.

"The first matter to be inquired into was as to the right of appellant to reopen the case, and when it was ascertained that appellant had not been *prevented by the fraud or deceit of the appellee* from making her defense, but that she had negligently failed to present the same, the court, with propriety, might have refused to hear any testimony as to the merits of the case." (Italics ours.)

It was held in Eureka Paving Co. v. Barnett (Tex.Civ.App.) 216 S.W. 903, reversed by Supreme Court 234 S.W. 1081, on other grounds, that the failure of one's attorney to file answer and defend suit was no sufficient excuse, in an attack upon a judgment rendered by a court having jurisdiction of the parties and subject matter, citing as authority for the holding, Keller v. Keller, supra.

There is nothing before us, except as is disclosed by the allegations of appellant, set out in our statement of the pleadings, as to the nature of the original suit filed by Mrs. Dora Stillman in which the judgment for $1,000 was rendered.

The trial court found, as stated in the judgment rendered in this case, that appellant was not prevented by fraud, accident, or mistake nor any acts of the defendants (appellees) herein from answering cause No. 1790—A and presenting its defense therein. We think the testimony contained in the statement of facts supports the conclusions reached by the court.

The statement of facts further discloses that on September 6, 1932, the appellant filed a petition to set aside the judgment of June 18, 1932, and it is stated in the record that the original petition is included in the exhibits sent up to this court, but it does not appear among the exhibits. In this connection the record does show that a Mr. Robinson, who filed the petition, stated to appellee Scott that the judgment was void for the reason appellant was entitled to thirty days' service of process instead of the time shown, and for that reason appellant had not answered; but, being shown the special practice act for Tarrant county district courts, Mr. Robinson said he guessed he was mistaken about service being incomplete. That suit appears to have been dismissed and the one before us was later filed.

There is before us as an exhibit, a copy of the judgment rendered in the original suit, which shows the court had jurisdiction of the parties and subject matter. There being no legal excuse shown why appellant did not appear and defend that

suit, its first proposition and the assignments upon which it is based must be overruled.

■ The record does not disclose that the judgment attacked by appellant was such a one as would bring it within the objections raised by its second and third propositions, and therefore they must also be overruled.

We find no error in the judgment of the trial court, and it is affirmed.