**KRAUSS et al. v. CORNELL et al.**

No. 10276.

Court of Civil Appeals of Texas.
San Antonio.

April 6, 1938.

Rehearing Denied May 18, 1938.

E. T. Yates, of Brownsville, for appellants.

J. E. Leslie, of McAllen, for appellees.

MURRAY, Justice.

Appellee Isabel L. Cornell instituted this suit in the district court, Ninety-Third judicial district, of Hidalgo county, on January 10, 1934, against Mina A. Krauss and her husband, Jules Krauss, and Doyle L. Smith, seeking to cancel certain deeds of trust and purported deeds which had

the appearance of conveying certain real estate owned by Isabel L. Cornell to Mina A. Krauss and Doyle L. Smith, and to recover the title and possession of the real estate described in said instruments.

It is conceded that two of the instruments, the cancellation of which is herein sought, were in form absolute deeds of conveyance to the property. However, it is contended by Isabel L. Cornell that there was engrafted upon such instruments a parol trust.

The trial was had before a jury in which all issues of fact submitted to the jury were answered favorably to Isabel L. Cornell, whereupon the trial court rendered judgment permitting Isabel L. Cornell to recover the title and possession to all the real estate sued for by her, and in addition to this the trial court, without having submitted the question to the jury, rendered judgment in Isabel L. Cornell's favor in the sum of $4,950, as damages, for the rent and the use of the property while it was held in the possession of Mina Krauss and Doyle L. Smith. From this judgment Mina A. Krauss and Doyle L. Smith have prosecuted this appeal.

After this suit was filed one of the creditors of Isabel L. Cornell filed a petition in the United States District Court, at Brownsville, seeking to have Isabel L. Cornell adjudged a bankrupt. No hearing was ever had on the petition; she was never adjudged a bankrupt; no trustee was ever appointed; and the case was dismissed before the trial in the present case.

On January 15, 1937, and after the petition in bankruptcy had been filed, Isabel L. Cornell was induced by Doyle L. Smith and Mina A. Krauss to dismiss this present cause of action from the docket of the district court of Hidalgo county. However, on the 19th day of February, 1937, and at the same term of court, on the motion of appellee Isabel L. Cornell, the cause was reinstated on the docket of the district court.

■ Appellants' first contention is that the district court of Hidalgo county was without jurisdiction to hear and determine this cause, for the reason that when this cause was dismissed in January, 1937, the bankrupt court took exclusive jurisdiction over the property of appellee Isabel L. Cornell, and that this jurisdiction could not be taken away from the bankrupt court and reinvested in the district court of Hidalgo county by the simple process of reinstating the dismissed cause upon the docket of the district court of Hidalgo county. We overrule this contention. The pendency of the petition in bankruptcy after the present cause was dismissed was notice to all parties concerned, and had Isabel L. Cornell been adjudged a bankrupt and title to her property vested in a trustee, such a judgment would have become effective as of the date of the filing of the petition in bankruptcy, and the state court, having yielded its jurisdiction by dismissing the cause, would have had no jurisdiction over the property of appellee Cornell, but as Isabel L. Cornell was never adjudged to be a bankrupt, and as no trustee was ever appointed to take over her property, and as the petition in bankruptcy was dismissed before the trial of the present cause, the district court of Hidalgo county did have jurisdiction over the person and estate of Isabel L. Cornell, and did have jurisdiction to render the judgment herein rendered. Ledgerwood v. Dashiell, Tex.Civ.App., 177 S.W. 1010; Davis v. Victoria Land & Loan Co., Tex. Civ.App., 90 S.W.2d 300; Danciger v. Smith, Tex.Civ.App., 286 S.W. 633; Id., 116 Tex. 269, 289 S.W. 679.

■ Appellants next contend that appellee's cause of action was barred by the two and four years' statute of limitation. Vernon's Ann.Civ.St. arts. 5526, 5527. This contention is largely based on the theory that suit could not be regarded as being filed in the state court until after the bankruptcy pleadings were dismissed. The disposition we have made of the first proposition likewise disposes of this contention adversely to appellants.

■ Appellants next complain that appellee could not recover in this cause because she did not tender into court $6,000 that she alleged she owed to appellants at the time she executed the instrument herein sought to be canceled. It appears that appellee Isabel L. Cornell first executed two deeds of trust creating liens upon most of the land herein involved, in favor of appellants, and later conveyed said land to appellants by two instruments purporting to be absolute deeds, but now contended to be only conveyances in trust of the land involved herein. Appellee alleged that at the time of executing these purported deeds she was indebted to one John King in the sum of $4,000 and to Mina

A. Krauss in the sum of $2,000, and that she gave a note covering these amounts, in the sum of $6,000, but that she did not know to whom this note was made payable. Appellee asked for an accounting between herself and appellants, and asked that the $6,000 note be offset against the sums that she alleged were due her as rental for the property while in possession of appellants. Appellants denied the existence of this $6,000 note, did not produce it in court, and did not allege that they were the owners and holders of the same. We therefore think there was no error in allowing appellee to recover the land and premises without first tendering into court the amount of this $6,000 note.

Appellants next contend that appellee could not engraft a parol trust on an instrument absolute in form, except upon the testimony of two disinterested witnesses, or one witness strongly corroborated by other testimony. We overrule this contention; regardless of what the rule may have been at one time in this state, the more recent decisions clearly hold that a parol trust may be engrafted upon a written instrument by a preponderance of the evidence. Pierce v. Fort, 60 Tex. 464; Gaines v. Exchange Bank, 64 Tex. 18; Carl v. Settegast, Tex.Civ.App., 211 S.W. 506; Allen v. Williams, Tex.Civ. App., 218 S.W. 135; Hall v. Hall, Tex. Civ.App., 198 S.W. 636; Graves v. Graves, Tex.Civ.App., 232 S.W. 543; Ellerd v. Ellison, Tex.Civ.App., 165 S.W. 876; Mc-Coy v. Long, Tex.Com.App., 15 S.W.2d 234, motion for rehearing overruled Tex. Com.App., 17 S.W.2d 783; 8 Tex. Law Review, p. 147; 42 Tex.Jur. p. 689, § 77.

Appellants next contend that appellee could not recover the title to the land because she had alleged that she had conveyed it to defraud her creditors. The record does not show that she conveyed the property to defraud creditors, and this contention is overruled.

Appellants' last contention is that appellee was not entitled to recover the money judgment in the sum of $4,-950, because the proof does not show that such sums of money were collected by appellants as rents and revenues from the property. We overrule this contention. Where a person is shown to be in actual possession of another's real estate, he is answerable in damages, whether he has collected any money for rent or not.

Sherwood v. Sherwood, Tex.Civ.App., 225 S.W. 555.

The judgment is affirmed.