## MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. SCULLY.

### No. 14091.

Court of Civil Appeals of Texas. Dallas.
Sept. 16, 1949.

Supplemental Opinion Sept. 30, 1949.

G. H. Penland and O. O. Touchstone, both of Dallas, and Freels & Elliott, of Sherman, for appellant.

Harry E. Kain and Asa M. Pearson, both of Denison, and King, Jacobs & Davis, of Houston, for appellee.

CRAMER, Justice.

Appellee Scully brought this suit to recover for personal injuries received as a result of the derailment of one of appellant's freight trains which then collided with the train on which appellee was working. Appellee, at the time, was employed by appellant as a switchman, and this cause was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Appellant set up in its answer that it had no information as to the cause of the derailment, and prayed that appellee be awarded such damages as the court and jury believed should be awarded to fairly and reasonably compensate plaintiff for his injuries, etc. Upon the jury's answer to the issues submitted, the court rendered judgment for appellee for $30,000, and appellant has duly perfected its appeal therefrom.

Appellant assigns three points of error, in substance as follows: (1) Error in overruling its motion for continuance; (2) the verdict and judgment were grossly excessive and unreasonable; and (3) the submission of negligence issues to the jury, to its prejudice.

■ Appellant, when the case was called for trial, presented a motion for continuance because of the absence of Dr. Sim Driver. It appears that Dr. Driver had promised to appear voluntarily when needed as a witness. He resided in Dallas County, outside the county of the trial. When the case was called the first time, it was postponed, but it appears that the witness was available at that time; however, was absent from Dallas County at the time of the second call, being on a deer hunt at a place where his office could not reach him. Dr. Driver was a material witness for appellant. Although four other doctors testified for appellant, showing was made that Dr. Driver, if present, would have testified to facts which would not have been cumulative of that given by the other doctors.

Under the facts here the overruling of the motion was not error. The adjudicated cases make a distinction between witnesses who reside in the county where the case is pending and those where the witness resides outside such county. For cases where the absent witness resided outside the county of trial, see Sullivan-Sanford Lumber Co. v. Hampton, Tex.Civ.App., 126 S. W. 637; Hall v. Hall, Tex.Civ.App., 198

S.W. 636; American National Ins. Co. v. Hammond, Tex.Civ.App., 91 S.W.2d 432. The same rule applies to a married woman witness, since she cannot be forced to attend by subpoena, if she should decline to attend voluntarily. Johnson v. Willoughby et al., Tex.Civ.App., 183 S.W.2d 201. The cases cited by appellant involving witnesses who resided in the county of the trial are not in point here and the first assignment is overruled.

■ Appellant's next assignment is that the verdict and judgment are excessive. The appellee was seriously and permanently injured. He was holding the most promising job, from a financial viewpoint, he had ever held. His record, up to the time of the trial, was substantially as follows: He graduated from Texas A. & M. College with the degree of B.A. in 1931; then worked on various jobs until he was employed by Kraft Cheese Company, where he began as a laborer and at the time he was discharged had risen to the position of Manager of the Branch at Albuquerque, New Mexico, at a salary of $240 per month. In his own language, he "was dismissed from my job with Kraft, after having been with them for nine years, because I neglected my job in order to have more time to drink." He was next employed by the U. S. Corps of Engineers at Denison, at a salary of $150 per month, from July 1942 to December 1942. He then worked for the Katy Railroad until January 1946, when he voluntarily resigned to take a job with the Carnation Milk Company at $250 per month. He was discharged about six months later for drunkenness. He went back to work for the Katy Railroad as a switchman in July 1946, and remained until he was laid off because of reduction in forces. He then went to work for the Roma Wine Company as a salesman, at $300 per month. He quit that job to return to the appellant in April 1947, where, in September of the same year, he received the injuries here sued for.

Since receiving the injuries, appellee has been unable to work regularly, but has been temporarily employed at times. He sold lottery tickets for an automobile and during the summer of 1948 had charge of the automobile to be given away at the drawing. During such time—a little less than two months—he drove the automobile in parts of Grayson county and towns nearby in Oklahoma, as far north as Ada. During that time he sold about 4,250 of the total of 8,000 tickets sold. In the towns he visited, he would stand on the sidewalks for hours, contacting those passing by where the automobile was being exhibited. He drove, washed, and attended the automobile during such times. At the time of the trial he had a job (on which he was to report after the trial) with the River Valley Broadcasting Corporation of Denison and Sherman, as a radio advertising salesman, starting at a salary of $55 per week. Considering the conflict in the testimony as to the future of the injuries and his employment record, we have come to the conclusion that the verdict and judgment are against the preponderance of the evidence and excessive in the sum of $15,000. The second assignment must be sustained to that extent.

The third assignment complains of the submission to the jury of issues on negligence. Appellant objected to these issues on the ground that they were not in issue, and that the only issue was that of the amount of the damages. We have examined the record and are of the opinion that, while it may be possible that same might have increased the verdict to some extent, this has been corrected by our conclusions reached in considering the second assignment; and, if the remittitur hereinafter required is filed, the assignment will be overruled.

If a remittitur is filed within 15 days from this date, in the sum of $15,000, reducing the recovery to $15,000, the judgment will be affirmed with such remittitur; otherwise, the cause will be reversed and remanded.

### Supplemental Opinion.

The appellee having in due time filed a remittitur as suggested in our original opinion, the judgment of the court below is reformed so as to allow a total recovery of $15,000; and as so reformed is affirmed.

Reformed and affirmed.