

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 5, 1962

Mr. W. C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Dear Mr. Lindsey:

Opinion No. WW-1485

Re: The validity of deputy
sheriffs' bonds where
the acting sheriff is
not the obligee.

You have requested an opinion concerning the validity of deputy sheriffs' bonds made payable to (1) the Sheriff of Jefferson County, Texas, and (2) C. H. Meyer, Sheriff of Jefferson County, Texas, where the said C. H. Meyer has been suspended and another duly appointed acting sheriff in his stead.

As a general rule, unless the irregularity or defect is such as would render the bond invalid as either a statutory or common law obligation, the surety will not be relieved of his liability. Hines v. Norris, 81 S.W. 791, (Civ. App. 1904). More specifically, a bond that indicates the obligee by reasonable intendment is not invalidated by failure to distinctly name him, Hall v. Hall, 198 S.W. 636, (Civ. App. error ref. 1917). Other cases dealing with this general question and consistent with the result here are Kugle v. Glen Rose Independent School Dist. No. 1, 50 S.W.2d 375; and Watkins v. Minter, 107 Tex. 428, 180 S.W. 227, (1932).

Therefore, you are advised that the presented manner of setting forth the obligee is not an irregulaity or defect of such nature as would render the bonds invalid. We would also call to your attention that any such situation may be easily remedied by means of a simple endorsement.

### S U M M A R Y

Failure to precisely name the obligee
in a deputy sheriffs' bond does not render

such bond invalid.

Sincerely,

WILL WILSON
Attorney General of Texas

By Paul Phy
Assistant Attorney General

PP:nss

APPROVED:
OPINION COMMITTEE:

W. V. Geppert, Chairman
Pat Bailey
L. P. Lollar
Thomas H. Peterson

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore